# Ex Parte HENDERSON.

[PETITION FOR MANDAMUS TO REQUIRE PROBATE JUDGE TO SIGN BILL OF EXCEPTIONS.]

1. *Supreme court; original jurisdiction of, when only will be exercised.*—The jurisdiction of the supreme court to issue writs of "injunction, mandamus, &c.," is revisory, and can only be exercised, when it is necessary, to give it a general superintendence and control of inferior jurisdictions.

2. *Same.*—This necessity can not be said to exist, if there be any other court or judge in the State, who has the power to issue such writs.

3. *Same; circuit courts and judges, power of.*—The circuit courts in term time, and the judges thereof, in vacation, have power to issue such writs.

4. *Same; practice to be pursued, when writ refused by circuit court of judge.* If refused by said courts, or the judges thereof, then their decisions may be reviewed in the supreme court, by pursuing the practice indicated in *Ex parte Croom & May*, 19 Ala. 561.

THIS was an original application in this court for a *mandamus*, to compel the probate judge of Wilcox county, to sign a bill of exceptions. It is unnecessary, in the view taken of the application by the court, to give the facts upon which the application was based.

S. J. CUMMING, for petition.—Application for *mandamus*. That *mandamus* will lie to compel a judge to sign a bill of exceptions, is a well settled principle of common law. 1 Kent's Com. 323, which has been recognized in this State ; *Etheridge v. Hall*, 7 Porter, 47, and in many subsequent cases.

Should it be insisted that the application should have been made first to the circuit court, we answer—1. That this court has original jurisdiction in such cases, because it is conferred by the Constitution, Art. VI, § 2 of Alabama, and is therefore original, general, and unlimited.—*Gray's Adm'rs v. Cruin*, 36 Ala. 449 ; *Ikelheimer v. Chapman*, 32 Ala. 676. The legislature can not take away that power. Sections 660, and 747 of the Revised Code, can not be so

Ex parte Henderson.

construed. At most, the legislature could only limit the cases, or classes of cases in which said power of supreme court could be exercised, and certainly this is not such a case. For as final judgment has been rendered in the cause by primary court, it is now within the appellate jurisdiction of this court. 2. It would delay the remedy of petitioner, and consequently would not be adequate under the circumstances of this case, as the circuit court will not meet until first Monday in October next, facts of which the court will take judicial notice; and *mandamus* can not be issued by circuit judge in vacation.—*Ex parte Grant*, 6 Ala. 91. From some unforseen cause, there may be no circuit court, which would cause still further delay, and in the mean time the administration of the estate of decedent is going on to the prejudice of petitioner, if he is really entitled to it, and said administration may in a short time become worthless to an administrator. And further, the probate judge of said county, may in the mean time, resign, die, or remove, and petitioner's remedy be thus defeated, even by the voluntary act of defendant. *Mandamus* can not issue after death, resignation, or removal of the defendant.—*Mason v. School District*, 20 Vermont, 488. Such considerations have been held sufficient to support the jurisdiction of this court.—*Ex parte Pickett*, 24 Ala. 91, *The State v. Porter*, 1 Ala. 688 ; 7 Porter, 47 ; *Com. v. Mann*; 5 Watts & L. 403.

Consequently *mandamus* from the circuit court would not afford adequate relief under the peculiar circumstances of this case. And it is not only necessary to defeat this remedy that the applicant has another remedy, but that remedy must be adequate.—7 Porter, 47 ; 3 Black. Com. 110 ; *Ex parte Pickett*, 24 Ala. 91 ; *Com. v. Mann*, 5 Watts & Lery, 403.

As already stated, this case is within the appellate jurisdiction of this court, and that jurisdiction carries with it all the coercive power incident and requisite to support it 1 Kent's Com. 320 ; 12 La. Ann. 405 and 513.

As the regular term of the said probate court for the month of May had not adjourned on the 24th day thereof, as shown by the statements of Judge Burdick to petitioner

on that day, the court on the 17th thereof could not even be an adjourned term of the regular court of the month of May, 1869, and consequently it must be considered but an integral part of the said regular term.  But should facts be shown on the other side to prove it to be an adjourned term of the regular term, still the court had jurisdiction to sign the bill of exceptions.—*Van Dyke v. The State*, 22 Ala. 57 ; *Commonwealth v. Sessions of Norfolk*, 5 Mass. 435.  Can a judge hold a special term of his court during the existence of the regular term ?  Such a procedure would be quite a novelty.  The judge calling it a special term or causing his minutes to show that it was a special term, would not make it such.  The question is, had the regular term expired ? If not the 17th must have been an integral part of that term.

Notice of this motion has been given to Judge Burdick, and to Burford's attorney, and also full copies of all the papers belonging to this application have been furnished to said judge.  " If notice of motion and copy of papers on which it is based have been served on defendant, the supreme court may in its discretion, issue in the first instance a peremptory *mandamus*."—*The People v. Turner* 1 Cal. 143.  The court should be the more inclined to grant a peremptory *mandamus* in the first instance, for P. D. Burford can avail himself of the apparent matter of defense by a motion to dismiss the appeal.

S. J. CUMMING & HENDERSON, *contra.*—The act of 1825, (see Pamphlet Acts of 1825, p. 75, § 3,) as copied in opinion of this court in *Ethridge v. Hall*, 7 Porter, 49, reads as follows : " That in all cases in which the judge of an inferior court shall fail or refuse to certify any exception taken on the trial of any cause, it shall be lawful for the supreme court to revive such evidence of the exception as may be satisfactory to it, and to try the cause in the same manner as if the exception had been certified by the judge who tried the said cause."  Section 2758 of the Revised Code, reads as follows : " If the judge fail or refuse to sign a bill of exceptions, the point or division and the facts being truly stated, he is guilty of a high misdemeanor in office,

and the supreme court must receive such evidence of the facts as may be deemed by it satisfactory, and proceed to hear the cause, as if the bill had been signed by the court." It will be observed, that these two statutes, so far as they would have a bearing upon the facts of this case are substantially the same. It has been previously held by this court, that under the said act of 1825, the practice is, to establish the bill of exceptions in the same court that tried the cause, and during the trial term thereof.—*Perkins v. Harper*, 2 Stewart, 477 ; *Tombeckbee Bank v. Malone*, 1 Stewart, 269 ; *Ethridge v. Hall*, 7 Porter, 47. But in the case at bar, the refusal of the court to sign the bill of exceptions, is predicated upon the assumption, that the term of the court at which said cause was tried, had at the time of the refusal adjourned. This rendered it useless and unnecessary, after said refusal, for petitioner to make application to said court to establish said bill of exceptions before said court, during the said trial term thereof, as Judge Burdick in rendering his said decision of refusal, decided that said trial term was adjourned. Certainly petitioner would not be required to make him decide the same question over again, by another application in the same case ; and had this been done, he certainly would have stultified himself, after rendering such a decision, by entertaining a motion, as of term time, to establish said bill of exceptions, for that would be an admission upon his part that said trial term had not expired, after having previously decided in the same case, that it had. Therefore, it is not clear by any means, that petitioner could have obtained relief in that manner, but on the other hand, the court is bound to conclude that he could not.

But defendant is now estopped from saying, as a defense in this case, that such application should have been made to him after his said refusal, for that very refusal is based upon the assumed fact, as already stated, that said trial term had expired, and for him to set up that defense in this proceeding, *would be an implied admission upon his part that said trial term had not expired at the time of the refusal*, for that would be the legal sequence of his act in setting up such defense, and a party is bound by the legal consequen-

ces of his acts.—*Mosely v. Wilkinson,* 24 Ala. 411 ; *Wright v. Bolling,* 27 Ala. 259 ; *Pollard v. Maddox,* 28 Ala. 321 ; *McCravy v. Remson,* 19 Ala. 430 ; *Stone v. Britton,* 22 Ala. 543 ; *Steel v. Adams,* 21 Ala. 534.

Should the said admission be made of record as above stated, it would conclude the defendant from saying that said trial term had adjourned when the bill of exceptions was tendered, but having refused to sign it, and this court being bound to infer that he would also have refused an application to establish the same as of term time, (which fact would have to appear of record in proceedings to establish,) after said refusal. Therefore, in this view of the case, the only remedy left petitioner, is by *mandamus.*—*Ethridge v. Hall,* 7 Porter, 47 ; for it is not to be presumed that he would have admitted, that said term had not adjourned, when he had just decided in the same case, that it had.

In the last place, we say that section 2758 of Revised Code does not apply to a case of this kind, but for cases where the judge refuses to sign on account of incorrectness in the bill of exceptions. That is the evident intention of the legislature, which intention will always be looked to in the construction of a statute.

The said regular term of the said probate court could not have been adjourned when the bill of exceptions was tended, for the simple reason, if for no other, that the minutes thereof had not then been written up and signed, unless it had expired through lapse of time, by the arrival of the period to hold some other regular court, and this court will judicially know that the next regular term of said court should convene on the 2d Monday in June following. It is the act of signing the minutes that adjourns the court.— *Goodman & Mitchel v. Walker, Executrix,* 20 Ala. 444, and authorities there cited. Section 796, clause five, was not intended to allow the entire minutes of a term of the court to be written up and signed after its adjournment, but is only intended to supply the deficiencies in such records, and this is the more evident, because such deficiencies are to be supplied upon application and proof, as appears from said section, and said section contemplates

that said minutes have been regularly signed in due time. It gives no power to sign after adjournment.

PECK, C. J.—This is an original application to this court, to grant a writ of *mandamus* to require the probate judge of Wilcox county, to sign and seal a bill of exceptions, at instance of the applicant. Without considering the merits of the application in any wise, we decline to take jurisdiction of it, because it is an original application, and no sufficient reasons are shown, why it was not made to the circuit court of the proper circuit, or to the judge of that court in vacation.

The circuit courts have original jurisdiction in all matters, civil and criminal, within the State, not otherwise excepted in the constitution.—Fifth section, Article VI Con. Alabama.

The several judges of said courts, have authority in vacation, to grant writs of *certiorari, supersedeas, quo warranto, mandamus*, and all other remedial and original writs, which are grantable by judges at the common law.—See § 747 of the Revised Code.

The supreme court, except in cases otherwise directed in the constitution, has appellate jurisdiction only.—See section two of said Article. The proviso of said section, authorizes said court to issue writs of injunction, *mandamus, habeas corpus, quo warranto*, and such other remedial and original writs, as may be necessary to give it a general superientendence and control of inferior jurisdictions.

The necessity here spoken of, can not be said to arise, if there is any other court or judge in the State, who has authority to issue said writs.—*The Simintons, Ex parte,* 9 Porter, 383 ; *Ex parte Russell,* Ala. 717 ; *Mansony Ex parte,* 1 Ala. 98. This application, therefore, should have been made, in the first instance, in the proper circuit court, in term time, or to the judge of said court, in vacation. If this had been done, and the application refused, then the decision of the said court or judge would be revised in this court by appeal.—See Pamphlet Acts, 1868, p. 410.

Let the application be denied at the costs of the applicant.

NOTE BY REPORER.—At a subseqent day of the term an application was made for a rehearing, which the court denied as follows :

*Per Curiam.*—The motion for a rehearing in this case is denied.   June 19th, 1869.