# *Ex parte* Grant & O'Barr.

## Application for Mandamus.

1. *Justice of peace; duty of in unlawful detainer.*—It is the duty of the justice of the peace rendering judgment in unlawful detainer, to fix the value of the yearly rent of the premises, and to grant the defendant an appeal and *supersedeas* upon tender of the statutory bonds with sufficient surety.

2. *Same; power of probate judge.*—The refusal of the justice to grant the appeal and *supersedeas*, in such a case, is a denial of justice, and the probate judge, upon proper application to him, may issue a writ of *certiorari* upon the execution of proper bonds, to remove the cause to the circuit

[*Ex parte* Grant & O'Barr.]

court, and along with it may cause a writ of *supersedeas* to go to the sheriff, commanding him to desist from the execution of the justice's judgment, and to restore possession of the premises.

3. *Mandamus; power of circuit judge to issue in vacation.*—The circuit judge has authority in vacation to grant a *mandamus*, to compel a ministerial officer to desist from the execution of process on a judgment which has been stayed by *certiorari* and *supersedeas* properly granted by the probate judge.

4. *Same; remedy for refusal of.*—Since the statute allowing appeals from judgments of circuit court judges on application for *mandamus*, the remedy is by appeal, and not by *mandamus* to compel the circuit judge to grant the application.

PETITION for mandamus. On the 22d of April 1875, one Nabors, a justice of the peace, rendered judgment against petitioners, Grant & O'Barr, in favor of Holt and others, in an unlawful detainer suit for a steam saw mill. They prayed an appeal, and tendered the justice good and sufficient bond as required by §§ 3313 and 3314 of Rev. Code. The justice refused to fix the yearly rental value of the property or to approve said bonds, and thereupon, on the 18th day of May 1875, they petitioned the probate judge, for a writ of *certiorari*, removing the cause to the circuit court, and that the writ of restitution issued in the cause, be *superseded* and the property be restored to them. Whereupon the judge issued his fiat "granting the relief prayed," upon petitioners entering into bonds as required by law, and properly approved. On the same day, upon petitioners executing bonds as required by §§ 3313 and 3314 of the Revised Code, the clerk of the circuit court having fixed the yearly rental, &c., approved the bond, and issued a writ of *certiorari*, "and a *supersedeas* superseding said writ of restitution," issued by the justice of the peace, and directing the sheriff to restore the possession of the property.

The sheriff, on the ground that the order of restitution was made without authority of law, refused to execute the writ, leaving Holt and others in possession of the property. The petitioners thereupon made application to the circuit judge, (Hon. JOHN HENDERSON,) in vacation, praying a *mandamus* to compel the sheriff to restore the possession of the property to them. The circuit judge refused the prayer of the petition, because he had no power "to make the order on the facts stated, or to make such an order in vacation," but endorsed on the petition, that, if desired, he would issue an order to show cause, to the sheriff and parties in possession, why the property should not be restored to the petitioners.

STERRETT, COBB & WILSON, for petitioners.

*[Ex parte* Grant & O'Barr.]

MANNING, J.—We have not been furnished with any brief or argument in this cause.

It was the duty of the justice of the peace, Mr. Nabors, to accept the bonds tendered, and grant the appeal and *supersedeas* applied for in this cause, according to sections 3313 and 3314 of the Revised Code. The refusal to do so was a denial of right to the petitioners.

In such a case, the law authorizes the judge of probate of the county, upon application to him to cause a *certiorari* to be issued for the removal of the cause from the court of the justice of the peace to the circuit court of the county. Rev. Code § 796. And this, being but a substituted method, instead of that by appeal, when the latter is denied, of removing the cause from the jurisdiction of the magistrate, for review, and of preventing the execution in the meantime of the judgment rendered by him, should so operate as to put the parties in the same plight and condition in which they would have been, if the appeal had been granted.

It was proper, therefore, for the judge of probate, as an incident to his power to cause the writ of *certiorari* to be issued, to cause also a writ of *supersedeas* to go to the sheriff, upon the execution of a bond according to law, requiring him to desist from the execution of the judgment of the justice, and to restore possession of the premises to the petitioners. *John* v. *The State*, 1 Ala. 95.

The sheriff having refused to obey this writ for the reason, as he says, that he had "doubt of the legality," of it, the circuit judge had authority, on application being made to him, to cause a writ of *mandamus* to be issued, requiring the sheriff to do so. The circuit judge erred in supposing that he could not do this in vacation. The power is expressly given to him as judge, as well as vested in the court over which he presides. (Rev. Code, §747.) It may often happen that the powers given by this section will have to be exercised in vacation, in order to be effectual. *Ex parte*, *Henderson* 43 Ala. 392.

Applications for appeal, and *certiorari*, are usually made *ex parte*. These proceedings do not determine anything. They are merely modes of transferring causes from lower courts to higher ones, for trial in the latter, and for the suspension in the interval of any action against the appellants, who by executing their bonds with sureties, indemnify their adversaries against loss thereby.

If application had been made in this cause, to the circuit judge, in the first instance, instead of the judge of probate, for the writs of *certiorari* and *supersedeas*, there is no doubt

[Southern Express Co. *v.* Hess.]

that upon the execution of the bonds prescribed by law, he had authority to cause the writs to be issued, in vacation, and without notice to the adverse party. And we see no reason why upon taking care that the proper indemnifying bonds are executed, he cannot upon an *ex parte* application in vacation, cause the executive officer of his court to obey lawful orders in reference to the same matters, issued by the judge of probate.

This court, however, will have to refuse petitioners the writ of *mandamus* for which they apply to us. By the "act to allow appeals to the supreme court in certain cases," approved, December 15, 1868, (Acts, p. 410.) the proper mode of bringing the action of the circuit judge before this court for revision and correction, is by appeal. And when that mode of proceeding is prescribed, *mandamus* is not the proper remedy, *Ex parte, Henderson, supra; Ex parte, Small* 25 Ala. R. 74; *Ex parte, Garlington,* 26 id. 170.

The application for a *mandamus* is, therefore, denied.