[*Ex parte* Due.]

# *Ex parte* Due.

*Application for Writ of. Prohibition.*

116　491
117　548
116　491
130　184
130　185

1. *Jurisdiction of circuit court in a mandamus proceeding; writ of prohibition.*—The circuit court having original, general jurisdiction of a remedy by *mandamus* against inferior courts and their officers, the Supreme Court will not award a writ of prohibition to restrain proceedings under the *rule nisi* for a *mandamus* issued by a circuit judge to a probate court, it not appearing that the circuit court has, or is about to abuse, in any way, the jurisdiction so conferred; but the circuit court will be left to the exercise of its jurisdiction to the final determination of the case, and from this final determination, any one feeling aggrieved thereby may pursue such revisory remedies as the law provides.—BRICKELL, C. J., *dissenting*.

This was an original petition for a writ of *mandamus* addressed to this court. The facts of the case are sufficiently stated in the opinion.

GORDON MACDONALD, C. P. ZIMMERMAN and F. W. LULL, for petitioner.—An appeal does not lie to the circuit court from an order of the probate court appointing special administrators; and, therefore, the circuit judge or circuit court is wholly without jurisdiction to compel, *by mandamus*, the allowance of an appeal. Hence it is, the writ of prohibition is the only remedy to prevent such usurpation of jurisdiction.—Code of 1886, §§ 2035, 3640, 3641; *In re Carpenter*, 73 Cal. 202; *In re Haskett*, 3 Redfield (N. Y.) 165.

TOMPKINS & TROY, *contra*.—That prohibition will not be issued to prevent a circuit court from hearing a *mandamus* is well settled. It will not lie where the inferior court has jurisdiction of the subject matter.—High on Extraordinary Remedies, §§ 771, 771a, and authorities in notes; *Ex parte Peterson*, 33 Ala. 74; *Atkins v. Siddons*, 66 Ala. 453.

*Mandamus* is the proper and only remedy to compel a judge of probate to sign a bill of exceptions in a case where an appeal is asked from his judgment to the circuit court.—*Etheridge v. Hall*, 7 Port. 47; *Ex parte Henderson*, 43 Ala. 392.

PER CURIAM.—Pending a contest respecting the validity of a will of one Tulane in the probate court of Elmore county, the judge of the court, by authority of section 2020 of the Code of 1886, appointed certain persons as special administrators, authorizing the collection and preservation by them of the goods of the deceased until letters testamentary or of administration should have been duly issued. The statute provides that every such special administrator has authority to collect the goods and chattels of the estate and debts of the deceased and secure and preserve the same, etc.; and for such purpose may maintain suits as administrator. His authority, as the statute provides, ceases upon the grant of letters testamentary or of administration, when, on demand, he must deliver over the assets to the rightful executor or administrator. He is required to execute a prescribed bond, in a prescribed mode, as such special administrator.

It appears that when the matter of the appointment of these special administrators was before the probate court, upon the motion of one claiming to be a legatee under the will, the proponents of the will appeared before him and opposed the appointment, and upon hearing the objections the same were disallowed by the judge and the appointment made; whereupon the objectors tendered to the judge what purported to be a bill of exceptions reserved to his action, for his signature, and tendered security for costs of an appeal to the circuit court of Elmore county for his approval. The judge declined to sign the bill of exceptions, or to approve the security for costs. Whereupon, the proponents presented their application for the writ of *mandamus*, to compel the signing of the bill and approval of the security, to the Hon. N. D. Denson, judge of the 5th judicial circuit. At the time this application was made the persons appointed special administrators had not qualified by giving the required bond, and the time fixed by the judge, in his order of appointment, for giving the bond had not expired. Letters of administration had not been issued to them.

The application for *mandamus* showing the facts herein stated contained, in addition to the prayer for a *mandamus*, or other appropriate writ, a special prayer for an order restraining the judge of probate from issu-

ing letters of administration to said special administrators, and from any further proceeding in the matter of their appointment or qualification until the final hearing of the application.

Judge Denson granted a rule *nisi* commanding the Honorable Cabot Lull, judge of probate of said Elmore county, to sign said bill of exceptions and approve said security for costs, or show cause against the same at the next term of the circuit court of Elmore county. He also granted the restraining order prayed for, upon the giving of a prescribed bond. The cause proceeded regularly and was set down for final hearing in the circuit court on a day specified.

Thereupon the relator, Due, presented to this court his petition for the writ of prohibition against any further proceeding by the circuit court in said matter, for return to which Judge Denson moves to quash it.

The contention of the relator, mainly, is, that no appeal lies from the order of the probate judge appointing special administrators, and that the circuit judge acted without his authority or jurisdiction in granting the rule *nisi* and restraining order.

We think it has been satisfactorily settled by decisions of this court that the character of relief here sought, in cases of this kind, is not obtainable by the writ of prohibition. The circuit court has original, general jurisdiction of the remedy by *mandamus* against inferior officers. Its judge, at chambers, or in vacation, has general authority to issue all preliminary rules and processes necessary to give the court jurisdiction of the particular case. Invested, as it is, with this general jurisdiction to hear and finally determine the application in question, and as we are not able to affirm from anything brought to our view by the record, that it has, or is about to, abuse in anywise the jurisdiction so conferred, we must leave it to the exercise of its jurisdiction to the final determination of the case, from which final determination any one feeling aggrieved thereby may pursue such revisory remedies as the law may provide. We will not inquire, on petition for prohibition, into the merits of the controversy before the circuit court in the *mandamus* proceeding, further than to enable us to see that the court is proceeding within, and is not, in any way, abusing the exercise of, its jurisdiction.

This is most clearly the effect of our decisions, as shown by the cases of *Ex parte Peterson*, 33 Ala. 74, and *Ex parte Boothe*, 64 Ala. 312, and the authorities cited in these cases.

The restraining order made by the circuit judge was within the supervisory power of the circuit court over inferior tribunals conferred by sections 756 and 757 of the Code.

Our conclusion is, that the motion to quash the petition for the writ of prohibition must be granted.

BRICKELL, C. J., *dissenting*.