# *Ex parte* Town of Roanoke.

*Application for Certiorari, Prohibition or other Remedial Writ to Judge of Probate.*

1. *Application for remedial writ to probate judge; will not be entertained in absence of intermediate application to circuit court.*—A probate court is of inferior jurisdiction, within the meaning of the statute (Code of 1886, § 756; Code of 1896, § 918), which gives to the circuit court original jurisdiction "to exercise a general superintendence over all inferior jurisdictions;" and the Supreme Court will not entertain an application for a writ of *certiorari*, prohibition or other remedial writ to a probate judge, when there has been no proper intermediate application to the circuit court for relief.

Original petition for *Certiorari*.

*[Ex parte* Town of Roanoke.]

One Charles Greer, upon being convicted for the violation of an ordinance of the town of Roanoke, and while detained in custody ordered by the sentence of the court, applied to the judge of the probate court for a writ of *habeas corpus* asking for his discharge. Upon the proceedings on the petition for *habeas corpus* the probate judge ordered said Charles Greer released. Thereupon, the town of Roanoke filed its original petition in the Supreme Court asking for a writ of *certiorari*, prohibition or other remedial writ, addressed to the judge of probate, commanding him to show cause why the order discharging said Charles Greer from custody should not be vacated, annulled and quashed.

J. W. OLIVER and SAMUEL HENDERSON, for petitioner, cited *Ex parte Bizzell*, 112 Ala. 210 ; *Ex parte Buckalew*, 84 Ala. 460 ; *Mayor &c. of Huntsville v. Phelps*, 27 Ala. 55.

No counsel marked as appearing for respondent.

HARALSON, J.—Section 918 of the Code of 1896 (§ 756 of Code of 1886), sub-div. 3, confers on the circuit court original jurisdiction, "to exercise a general superintendence over all inferior jurisdictions." Probate courts are such inferior jurisdictions.—*The State v. Williams*, 69 Ala. 311 ; *Etheridge v. Hall*, 7 Port. 47. The Supreme Court will not, in the first instance, award a writ such as is applied for in this case, when there has been no proper intermediate application to the circuit court for relief. We must decline, therefore, to entertain the petition, and the same is dismissed.—*Ex parte Russell*, 29 Ala. 717 ; *Ex parte Henderson*, 43 Ala. 392 ; *Ex parte Pearson*, 76 Ala. 521 ; *Ramagnano v. Crook*, 88 Ala. 450 ; *Ex parte Due*, 116 Ala. 491.

Petition dismissed.