# *Ex parte* Pearl Roller Mill Company.

## *Mandamus.*

(Decided Jan. 16, 1908. 45 South. 423.)

1. *Supersedeas; Quashing of Execution.*—Where execution is issued on judgment in vacation supersedeas is the remedy to quash or stay the execution.

2. *Same; Authority to Issue in Vacation.*—A writ of supersedeas may be issued in vacation by the judges of the circuit court returnable at the next term.

3. *Same; Proceedings; Notice.*—While a plaintiff in execution is entitled to notice of hearing in term time, he is not entitled to notice of the filing of the application for supersedeas in vacation.

4. *Same; Waiver of Defects.*—By appearing in term time and filing answer to an application for a writ of supersedeas applied for in vacation, and demanding a jury trial, a plaintiff in execution waives any irregularities in the issuance and the return of the writ, and is not entitled to mandamus to compel the setting aside of an order overruling the motion to quash the writ for irregularity in its issuance.

[Ex parte Pearl Roller Mill Company.]

Original petition in the Supreme Court.

Original petition for mandamus by the Pearl Roller Mill Company to compel the setting aside of an order overruling a motion to quash a writ of supersedeas for irregularity. Denied.

This petition, by the Pearl Roller Mill Company, a corporation created and existing under the laws of the state of Kansas, alleges that on the 24th day of June, 1902, petitioner recovered a judgment against Just & Lavie in the sum of $375 and costs of court; that this judgment was recovered in the Jefferson circuit court, and execution was issued thereon on the 5th day of July, 1906, and placed in the hands of the sheriff to be executed; that the sheriff executed it by levying it on lands of the defendant, and proceeded to advertise the said lands for sale according to law; that on July 30, 1906, Lavie filed with the clerk of the circuit court an unverified petition for supersedeas of said execution, and Hon. A. A. Coleman, judge of said court, in vacation and without notice to petitioner, directed the clerk of said court to issue a supersedeas of said execution, whereupon the clerk notified the sheriff to return such execution, and the sheriff returned the same to the clerk without making sale, and petitioner lost his lien on said land; that petitioner never learned of the granting of said supersedeas until after the judge had made such order, and as soon as it learned thereof it requested the judge, through its attorney, to suspend such supersedeas or to require said Lavie to indemnify such petitioner against the loss or impairment of its lien in sufficient bond in double the amount of its said judgment, interest, cost, and damages. It is then alleged that the judge of the circuit court illegally, improperly, or inadvertently granted said supersedeas: (1) Because the judge had no jurisdiction or authority in vacation to interfere with said execution;

(2) said judge had no authority in vacation to grant a supersedeas of said execution, except as grantable at common law, and that the requirements of the common law were not exacted by said judge as a condition prece-- dent to the granting of said supersedeas; (3) that said defendant's petition for a supersedeas was not verified or supported by any evidence or proof whatsoever; (4) that no notice was given petitioner of the filing of said petition for a supersedeas or the granting thereof; (5) that through said action your petitioner was deprived without due process of law of its lien on said land and its right to sell the same in satisfaction of the judgment; (6) the failure of the judge to require Lavie to execute a bond payable to petitioner in double the amount of its said judgment, interests, costs, and damages a condition precedent to granting said supersedeas. The prayer is that the judge show cause why he should not set aside or revoke the supersedeas, and for such special, general, and other relief as he is entitled to. The judge replied to the rule nisi, admitting the recovery of the judgment, the issue of the execution, its levy by the sheriff, and set out in full the petition for writ of supersedeas and his orders thereon. It appears, from the answer and from the petition for the supersedeas, that between the time of the taking of the execution which was sought to be superseded the defendant became a bankrupt, was adjudged by the United States court, and that this debt was scheduled as one of his liabilities, and that in April, 1904, before the filing of the petition for supersedeas, he had obtained his discharge in bankruptcy, the file of the bankrupt papers, and the order of discharge in bankruptcy were made exhibits; that when the petition was presented to him he, on the 30th day of July, 1906, made an order directed to the clerk of the circuit court to issue the supersedeas prayed for in the petition upon petitioner's

giving bond in the sum of $750, with good and sufficient sureties, etc., and that in pursuance of said order Lavie executed the bond and the supersedeas issued; that on the 19th day of October, 1906, plaintiff appeared in court by attorney and filed a motion to revoke the order upon grounds which are set out in the answer; that the case was passed until the 3d day of November, 1906, when both parties appeared in court and a judgment was entered overruling the motion to revoke the supersedeas, whereupon petitioner filed its answer to said petition for a supersedeas.

RICHARD H. FRIES, for petitioner. Under section 921, Code 1896, circuit judges have authority to grant writs of certiorari, supersedeas, etc., which were grantable at common law.—*State v. Crook*, 123 Ala. 237. Supersedeas, under our system, is analogous to the writ of audita querula, and notice must be given.—*Jesse French r. Bradley*, 39 South. 47; Freeman on Judgment, sec. 95. An exparte order granting a supersedeas, is absolutely void.—*Livermore v. Hadykins*, 54 Cal. 637; *White v. Buford*, 2 Paige, 115; 20 Ency. P. & P. 1275. While, by appearing the parties may waive their right (*King v. Armstrong*, 14 Ala. 393; *Rutherford v. Smith*, 27 Ala. 417) yet, the contrary rule applies, if the defendant appears specially and pleads, after saving its rights.— *Harkness v. Hyde*, 98 U. S. 476; *Southern Pac. Co. v. Denson*, 146 U. S. 202.

ROBERT E. SMITH, for respondent. There are two ways of testing the validity of an execution issued upon a judgment which had been discharged or satisfied by proceedings in bankruptcy. First, by motion to quash in term time and by petition for supersedeas in vacation. —*Crenshaw v. Hardy*, 3 Ala. 653; *Lockard v. McElroy*, 4 Ala. 572; *McDougal v. Reid*, 5 Ala. 810; *Coburn v.*

*Spencer*, 15 Ala. 549; *Brown v. Bank*, 20 Ala. 420; *Milhaus v. McCartha*, 51 Ala. 549. Supersedeas of an execution may be granted upon an ex parte application in vacation without notice to the adverse party upon the giving of the security bond. The adverse party is, however, entitled to notice of hearing on the petition and motion when the same is set in term time.—*Ex parte Henderson*, 43 Ala. 392; *Ex parte Grant, et al.*, 53 Ala. 16. Petitioner waived any irregularities by appearing and pleading.—*Lampley v. Beavers*, 25 Ala. 534; 3 Cyc. 525.

DOWDELL, J.—To quash an execution issued on a judgment, in vacation, supersedeas is the proper remedy. Judges of the circuit court have authority in vacation to issue the writ, returnable to the court in term time. The plaintiff in execution is not entitled to notice of the filing of the application to the judge, but is entitled to notice of the hearing in term time.—*Ex parte Grant & O'Barr*, 53 Ala. 16; *Ex parte Henderson*, 43 Ala. 392. In the present case the plaintiff appeared in term time and filed answer to the petition for the supersedeas, making an issue, and demanded a trial by jury. By so doing he waived any irregularity in the issue and return of the writ.

The hearing on the application was continued from time to time. In this condition of the case the plaintiff in execution applies here for a mandamus to compel the court to set aside an order overruling a motion to quash the writ of supersedeas for irregularity in its issuance. After the ruling of the court on said motion, it was then that the plaintiff filed its answer and demanded a jury trial. On these facts, the plaintiff is not entitled to a mandamus, and its petition is denied.

Petition for mandamus denied.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.