SullivAN, J.
This was a case of bastardy. The plaintiff in error was recognized to appear in the Circuit Court by William Harrington, a justice of the peace, to answer to the complaint of the relator. He appeared and pleaded, 1, Not guilty; 2, That on, &c., and before the birth of the child named in the complaint,the said Catharine Hughes, the relator, made complaint before one J. M. Wilson, a justice of *the peace of Warren county that she was then pregnant with a child, which, when born, would be a bastard ; that he, the said Davis, was the father of it; that he was thereupon arrested and taken before said justice, and the complainant was duly examined upon her'oath, and upon said examination it was made to appear that he, the said Davis, was not the father of said child, and he was thereupon discharged, &c. The plea contained .the usual averments of identity, &c. The second plea, on motion of the prosecuting attorney, was rejected by the Court, and the defendant excepted. The cause was tried by a jury. Verdict and judgment against the defendant.
The rejection of the second plea is the only error complained of.
P. A. Chandler, for the plaintiff.
A. A. Hammond, for the State.
The facts stated in the rejected plea constitute no bar to this proceeding. On a complaint of bastardy being made to a justice of the peace, it is the duty of the justice to investigate the charge, and if it shall be made to appear that the defendant is the father of the child, and he refuses to pay to the mother such sum of money, &c., as she may agree to receive, and to indemnify the county against the support of the child, to recognize him to appear and answer to the charge before the Circuit Court. If he is not proved to be the father of the child, the justice should discharge him ; but the statute does not authorize him to acquit him of the charge. In the Circuit Court, a trial is had on the merits of the complaint. A former acquittal, to be sufficient as a bar to a subsequent suit or prosecution for the same matter, must be a legal discharge by judgment on trial. 1 Chitt. Cr. Law, 457. A judgment of the Circuit Court, therefore, in a case of this kind, where the merits are tried, would, so long as it remained unre-versedj be a bar to a subsequent suit. But the refusal of a justice to recognize after he has examined the complainant is no trial of the merits, and consequently no bar.
Per Curiam.—The judgment is affirmed, with costs.