## In the matter of John McIntyre.

### On Habeas Corpus.

The case of a person accused of the crime of murder was duly examined before a justice of the peace, and the accused admitted to bail to answer to a charge of manslaughter. He was again arrested on the same charge, and the justice before whom he was brought, on being advised of the prior proceedings, discharged him from arrest. On a third arrest and examination for the same cause, he was committed to jail to answer to a charge of murder. A writ of *habeas corpus* was sued out: *Held*, that the last magistrate had jurisdiction of the case, and that the testimony should be heard upon *habeas corpus*.

The application for the writ in this case set forth, in substance, that the applicant, on the 16th of May, 1849, was brought before Warren Brown, Esq., a justice of the peace of the county of La Salle, for examination on a charge of murder, for having caused the death of one Thomas Cunningham on the previous day at the town of La Salle in said county ; that the examination was had at the office of the said justice at Peru in said county, within two miles of the place where the offence was alleged to have been committed ; that the homicide occurred in open day in the presence of many persons, eight of whom were present at said examination, three of whom were examined on behalf of the People, and four on behalf of the accused, the other not being examined by either party ; that another witness on the part of the People, and two on the part of the accused were examined touching the charge ; that the People had experienced counsel on such examination, and that the said hearing "was a full, fair, thorough, elaborate and impartial hearing, and examination of all the material testimony then or now existing" against the accused in respect to the charge.

The application further set forth that the said Brown was "a magistrate of well known and undoubted intelligence and integrity," and had had "ample experience of many years in the discharge of the duties of his office ;" that, upon the

*In re* McIntyre.

conclusion of the examination aforesaid, the said magistrate caused the accused to enter into recognizance for his appearance before the Circuit Court " to answer for the crime of manslaughter, " &c., and that the accused complied with the said determination by entering into recognizance for such appearance with two responsible securities in the sum of $600, when he was discharged from arrest on said charge.

Subsequently, as appeared by said application, the accused was again arrested on a warrant issued by M. E. Hollister, Esq., another justice of the peace of said county, to answer to the same charge, and the case being removed from said justice to be heard before Joseph H. Morrill, Esq., the next nearest justice, the accused exhibited to the latter the proceedings before the said Brown, when he was immediately discharged from arrest.

A third arrest was made upon a warrant issued by Nicholas Keating, founded upon the same charge, and the accused was brought before him for examination, when, before any testimony was heard, the accused stated the proceedings before the said Brown and the said Morrill, and offered to prove the same, if required. The said Keating, however, refused to allow any proof of such prior proceedings, and proceeded to hear a part of the testimony heard before the said Brown and the testimony of the People's witness present at the examination before said Brown, who was not then examined, but heard no further evidence. The application set forth that the last mentioned witness testified to nothing more than the other witnesses had, in substance, stated on the examination before said Brown.

It further appeared from the application that the said Brown, after the examination of the witnesses, asked the witness last referred to, whether he was present at the commission of the homicide, and on his replying in the affirmative, the said Brown further inquired of him whether the facts had been fully and truly stated by the other witnesses, to which he replied that they had so far as he knew, and that he had heard their testimony.

On the conclusion of the testimony before the said Keating, the accused was ordered to be committed to the jail of La Salle county " to answer the charge of murder, in killing the aforesaid Thomas Cunningham, " and he was committed accordingly.

Minutes of the testimony given before the said Brown, and sundry affidavits were filed with the application.

On the presentation of the application to this Court, a writ of *habeas corpus* was issued.

*J. C. Champlin,* for the applicant, on the return of the writ, submitted to the Court whether, under the circumstances set forth in the application, the said Keating had jurisdiction of the case, and whether the applicant ought not to be forthwith discharged from arrest without a further examination of the case by this Court.

*B. C. Cook,* Circuit Attorney, objected to the discharge, and insisted that the testimony ought to be heard.

PER CURIAM.—We are inclined to hold that the justice had jurisdiction, and that it is our duty to hear the witnesses, and then determine whether the prisoner be remanded, held to bail, or discharged from custody.

NOTE BY THE REPORTER.—The witnesses were subsequently examined before the Justices of the Supreme Court, and the accused was ordered to give bail in the sum of three thousand dollars with good and sufficient securities for his appearance at the Circuit Court to answer to an indictment for murder or manslaughter in killing the said Thomas Cunningham, and in default of giving such bail, to stand committed, &c. The accused failed to procure the bail required.