State ex rel. Dilworth vs. Braun and another.

STATE ex rel. DILWORTH vs. BRAUN and another.

PLEADING — WRIT OF PROHIBITION. (1, 2) *Effect of motion to quash return to alternative writ.* (6) *When the writ will not lie.*
COMPLAINT IN BASTARDY. (3–5) *Judgment of J. P. as a bar.*

1. A motion to quash the return to an alternative writ of prohibition, on the ground that the facts stated therein are insufficient, etc., is in the nature of a demurrer, and reaches back to the first defective pleading.
2. If, therefore, the relation does not state a good cause for issuing the writ, it may be quashed on such motion.
3. To charge a man with the maintenance of a bastard child, there is required, (1) an adjudication by a J. P. that there is *probable cause* to believe that he is the father of such child; and (2) an adjudication by the circuit court that he *is* its father. And *it seems* that the former adjudication against the defendant must be had, before the circuit court can have jurisdiction to render the latter judgment.
4. Where a complaint of this character has been brought as required by the statute (R. S., ch. 37) before a J. P., and, upon a trial, the justice

State ex rel. Dilworth vs. Braun and another.

has adjudged that no probable cause is shown for believing that the accused is the father of the child, such adjudication is final, and is a *bar* to a subsequent trial of the same issue before another justice.

5. On such second trial (no plea in bar or other pleadings being required in such cases), defendant may introduce such prior adjudication as *conclusive evidence* in his favor.

6. An adequate remedy of the kind described existing in favor of the defendant in such a case, a *writ of prohibition* will not lie to prevent the second justice from proceeding with the cause.

APPLICATION for a Writ of Prohibition.

The relation alleges that the defendant *Sarah Smith* made due complaint in writing, on oath, to George McWhorter, Esq., a justice of the peace, pursuant to ch. 37, R. S., stating in such complaint that she had been delivered of a bastard child then living, and that the same was begotten by the relator; that the relator was arrested on a warrant issued by the justice upon such complaint, and, after a full examination into the matters charged in the complaint, the complainant and the relator, and witnesses on behalf of each, having testified in relation thereto, the justice found and adjudged that there was no probable cause shown for believing that the relator is the father of such child; and the justice thereupon discharged the relator from custody; and that immediately thereafter, the defendant *Sarah Smith* made a similar complaint to the defendant *Adolph Braun*, who is also a justice of the peace, and the relator was again arrested, by virtue of a warrant issued upon such last mentioned complaint, and brought before Justice *Braun* to answer the same charge which he had already been required to defend against before Justice McWhorter.

The examination was adjourned to a future day; and, before the adjourned day, this court granted an alternative writ of prohibition, commanding the defendants to refrain from further proceedings in the matter of the prosecution before Justice *Braun* until the further order of the court, and also requiring them to show cause why they should not be absolutely restrained from

taking further proceedings against the relator for the cause aforesaid.

The return of the defendants to the alternative writ of prohibition substantially admits that the foregoing allegations contained in the relation are true. Both the relation and the return contain other averments of fact not necessary to be stated here.

The relator now moves to quash the return on several grounds, the principal, and the only one necessary to be mentioned, being, that the facts stated therein " are not sufficient in law to show cause why a peremptory writ of prohibition should not issue according to the exigency of the alternative writ of prohibition in this case."

*E. G. Ryan*, for the motion to quash, contended that the discharge by the justice of a person accused under ch. 37, R. S., whether upon a compromise under sec. 3, or upon the ground that there is no probable cause for believing him guilty, under sec. 4, is a bar to any further proceedings against him under the same provisions of the statute, as the father of the same child; and this because the contrary would be excessively inconvenient to and oppressive upon accused persons, and because it is the general policy of the law that litigation once heard upon the merits, shall cease. In confirmation of this view he cited *Thayer v. The Overseers*, 5 Hill, 443; 2 Smith's L. C., 445, note; *State v. Long*, 9 Ired., 488; 11 Mich., 341, 343. He further contended that the jurisdiction of justices in such cases is limited and special, determined by the statute alone, and unaided by general statutes conferrring other jurisdiction upon them; that the act provides for no pleading, and no plea in bar or in abatement can be considered by the justice; that he has no jurisdiction to inquire into any issue of fact except those alleged by the complaint; that if a plea or evidence were proffered to him, that another complaint was pending by the same mother in relation to the same child, before another justice of the peace, or before the circuit court,

against the same or another defendant, or that the defendant had been previously tried and convicted, or acquitted, of the same charge, before another justice or the circuit court, the justice would have no power to entertain such plea or evidence — no jurisdiction to pass upon them; and that, in case of several complaints before several justices of the peace, therefore, the remedy is not by plea in bar or abatement, but only by the writ of prohibition. To the point that prohibition was the relator's proper remedy, counsel cited 1 Black. Com., 112; Bacon's Abr., " Prohibition "; *People v. Seward,* 7 Wend., 518.

*A. C. Frazer, contra:*

1. The motion to quash is in the nature of a demurrer, and, like a demurrer, admits the statements and allegations of the return. *State v. Common Council, etc.,* 20 Wis., 87, 89; *People v. College,* 7 How. Pr. R., 290. 2. The facts stated in the return are sufficient in law to show that a peremptory writ of prohibition should not issue. (1) The writ will never issue when the subordinate tribunal has jurisdiction of the *subject matter,* the *process* and the *person,* unless, in handling a cause or matter within its cognizance, its exceeds its jurisdiction. 2 Chitty's Black., 112; 2 Chitty's Gen. Pr., 360; *Arnold v. Shields,* 5 Dana, 20; *Quimbo Appo v. The People,* 20 N. Y., 531, 541; *The People v. Seward,* 7 Wend., 518, 519; *The People v. The General Sessions, etc.,* 3 Barb., 144, 146 –149; *Ex parte Braudlacht,* 2 Hill, 367, 368; *The People v. The Marine Court,* 23 How. Pr. R., 446, 447: *The People v. Court of O. and T.,* 27 id., 14; *The People v. Court of Com. Pleas,* 28 id., 477, 478; *The People v. Russel,* 19 Abb. Pr. R., 136, 137; *Washburn v. Phillips,* 2 Metc., 296, 299; *Prignitz v. Fischer,* 4 Minn., 367; *Ex parte Smith,* 34 Ala., 455; *State v. Hudnall,* 2 Nott & Mc., 419, 423; *State v. The Judge, etc.,* 14 La. Ann., 504; *Cooper v. Stocker,* 9 Rich. Law, 292, 293; *Mayor, etc., v. James,* 12 Gratt., 17, 23; *Rogers v. Judge, etc.,* 11 id., 50, 53; *Board of Com. v. Spitler,* 13 Ind., 235, 240. (2) If the inferior court have cognizance of the process, and duly acquire jurisdiction of the

person, general jurisdiction of the subject matter, *in the abstract*, is sufficient to render the proceedings valid, even although such court erroneously decide that the particular cause or matter comes within its jurisdiction. Cow. Tr. (2d ed.), Part 1, p. 407; 1 La. R. (Miller), 131; *Butler v. Potter*, 17 Johns., 145, 146; *Brown v. Crowl*, 5 Wend., 298, 299; *Hoose v. Sherrill* 16 id., 35. 3. The writ of prohibition will not issue, even though the inferior court have no cognizance of the cause or matter, if the party has an adequate remedy in some other and more ordinary form. *Ex parte Braudlacht*, 2 Hill, 367, 369; *Ex parte Smith*, 34 Ala., 455; *The State v. The Judge, etc.*, 11 Wis., 50, 53; *The People v. The Wayne Cir. Court*, 11 Mich., 393, 404; *James v. Comm'rs*, 13 Pa. St., 72; *Ex parte The Fireman's Ins. Co.*, 6 Hill, 244; *People v. The Board of Sup'rs*, 31 How. Pr. R., 237, 240. 4. The relator has other more ordinary remedies available to him, which are perfectly adequate. (1) If the action reaches the circuit court, the accused may there, by plea or answer, avail himself of any matter pleadable in abatement or in bar of the prosecution. If the magistrate had no jurisdiction, the accused may take the objection by plea or answer to the jurisdiction of the court, or may move to dismiss for want of jurisdiction. Gould's Pl., ch. V., sec. 25. (2) The relator has a perfectly adequate remedy in the more ordinary form of a writ of *habeas corpus*. R. S., ch. 158, secs. 3, 6, 9, 16, 26; *The People v. Cavanagh*, 2 Park. Cr. R., 650, 658; *The People v. McLeod*, 3 Hill, 661; *Matter of Heyward*, 1 Sandf., 701, 707; *In re Booth & Rycraft*, 3 Wis., 157, 187–212; *In re Mowry*, 12 id., 52, 55; *In re Tarble*, 25 id., 390, 396. (3) If Justice *Braun* had no cognizance of the matter of the complaint, the relator has a specific legal remedy by action of trespass *vi et armis* for false imprisonment. *Adkins v. Brewer*, 3 Cow., 206, 209; *Ex parte Braudlacht*, 2 Hill, 367, 369; *Prosser v. Secor*, 5 Barb., 607, 612, 613; *People v. Sup'rs, etc.*, 11 N. Y., 563, 573; *Mygatt v. Washburn*, 15 id., 316, 321; *People v. Board of Sup'rs*, 31 How. Pr. R., 237, 240.

LYON, J. The motion to quash the return to the alternative writ of prohibition is in the nature of a demurrer thereto; and, like a demurrer, it reaches back to the first defective pleading. If, therefore, the relation does not state a cause for issuing a writ of prohibition, it may be quashed on this motion.

We have come to the conclusion that the relation does not state facts sufficient to entitle the relator to the relief demanded by him, and hence that the same must be quashed. Our reasons for this conclusion will be very briefly stated.

I. We are of the opinion that the finding or judgment of Justice McWhorter is a complete bar to further proceedings for the same cause against the relator. In order to charge a man with the maintenance of a bastard child, two adjudications, each by a different tribunal, are necessary, one by a justice of the peace that there is probable cause to believe that he is the father of such child, and the other by the circuit court that he is its father. The jurisdiction of the circuit court to make the latter adjudication depends absolutely upon the fact that some justice of the peace had made the former. It is very questionable, if the examination be waived, and the accused recognize to appear before the circuit court to answer the charge against him, without any adjudication of probable cause by the justice, whether that court can take jurisdiction of the proceeding. I am strongly inclined to the opinion that it cannot. This proceeding is not like the examination of a person charged with crime, under the law as it formerly existed, because such examination was not essential to the validity of an indictment against him for the same offense, and determined nothing conclusively as to the guilt or innocence of the accused. The object of the examination was only to hold the accused, in proper cases, to answer an indictment for the offense, should one be found against him therefor, and not, as in a bastardy case, to lay the foundation upon which alone the circuit court could obtain jurisdiction in the matter. How far this may be changed, in ordinary criminal prosecutions, by our new system of crim-

inal procedure, need not be here determined. Laws of 1871, ch. 137 (Tay. Stats., 1929). See also *Morrissey v. The People*, 11 Mich., 327.

It is an elementary principle of the law, and one of universal application, that the judgment of a court of competent jurisdiction upon any subject matter is final between the same parties in all tribunals, unless the same be reversed by the appellate or supervisory court, or lawfully set aside by the court which rendered the judgment. Why does not this principle apply here? A court having jurisdiction of the subject matter, and of the person of the defendant, after full investigation and in strict compliance with the forms of law, has adjudged that there is not probable cause to believe that the relator is the father of the child in question. That judgment has not been disturbed, but remains in full force. Why then is it not a verity in this case that no such probable cause exists? We think that it is, and that the adjudication of Justice McWhorter is final and conclusive in that behalf.

2. We see no good reason why the relator, in the proceedings before Justice *Braun*, may not prove as a defense the judgment of Justice McWhorter. The question to be tried is, whether there is probable cause to believe that the relator is the father of the child; and any testimony pertinent to that question must necessarily be admissible. But the judgment of Justice McWhorter is pertinent thereto, because it not only tends to prove, but it conclusively proves, that no such probable cause exists. Hence such judgment may be given in evidence in the proceedings before Justice *Braun*. Were the relator required by law to interpose pleadings in the proceedings against him before the justice, it might, perhaps, be necessary for him to plead such adjudication in bar. But no pleadings on his part are required or allowed. This cannot, however, destroy his right to prove any fact pertinent to the question to be tried and determined by the justice.

3. The law doubtless is, that if the relator has an adequate

remedy by any ordinary legal proceeding, the writ of prohibition should not issue. We think that he has such a remedy. He has only to make proper proof before Justice *Braun* of the finding or judgment of Justice McWhorter, and he will be entitled to his discharge at once.

The alternative writ of prohibition must be quashed.

*By the Court.* — So ordered.