STATE OF MINNESOTA, *ex rel.* Wilhelmina Ortloff, *vs.* C. P. LINTON.

November 12, 1889.

Bastardy—Effect of Discharge by Justice—Certiorari.—The discharge
of a defendant by a justice of the peace, after an examination under the
provisions of Gen. St. 1878, c. 17, relating to bastards, is no bar to a sub-
sequent complaint and examination before another justice; and hence,
not being a final adjudication of any legal right of the parties, will not be
reviewed on *certiorari.*

*Certiorari,* to review proceedings in justice's court in McLeod
county.

*W. F. Schoregge,* for relator.

*R. H. McClelland,* for respondent.

MITCHELL, J.[1]    It is here sought by writ of *certiorari* to review the
action of the respondent as a justice of the peace in discharging, after
an examination, a defendant brought before him on complaint and
warrant under the provisions of Gen. St. 1878, c. 17, relating to bas-
tards.    The office of this writ, which is in the nature of appeal, is
to bring up for review the final determination of an inferior tribu-
nal, which, if unreversed, would stand as a final adjudication of
some legal right of the relator.    As a reversal of the action of the
justice in the present case could not reinstate the proceeding for fur-
ther action by him, the only ground upon which his action in dis-
charging the defendant could be reviewed on this writ would be that
such discharge is a bar to another complaint.    We are clearly of
opinion that it is not.    In bastardy proceedings a justice has no
power either to convict or acquit.    The proceedings before him are
analogous to examinations in criminal cases, with a view to commit-
ment or discharge on bail, the only power of the justice being to as-
certain whether there is probable cause to believe that the defendant
is the father of the child, and if so to require him to enter into a re-
cognizance·to answer the complaint at the next term of the district.
court, the sole object of which is to secure his appearance in that
court, which alone has jurisdiction to try and determine the case..

[1] Collins, J., was absent, and took no part in this case.

If a defendant who is thus put under recognizance entered the trial of his cause in the district court with the fact standing as *res judicata* against him that there was probable cause for believing him guilty, there would be good reason for holding that his discharge by the justice was *res judicata* in his favor, and a bar to another complaint. But the act of the justice in binding him over adjudicates nothing as to his guilt or innocence, and has no weight either as a judgment or as evidence on that question. If his discharge be a bar to another complaint, we think it would be the first and only instance in the history of jurisprudence where judicial proceedings are *res judicata* in favor of one party to a litigation, and not as to the other. The fact that the district court can acquire jurisdiction to try bastardy cases only when there has been a previous complaint before, and commitment by, a justice has no pertinency to the question. Except in cases of misdemeanors triable by a justice, a criminal case can only reach the district court for trial through an indictment by a grand jury; but it was never heard that the dismissal of a criminal charge by one grand jury, by its refusal to find an indictment, would prevent its being again submitted to another grand jury. And in some jurisdictions a grand jury can only consider cases where the accused has been previously committed by an examining magistrate; yet it was never suggested that a discharge by one magistrate was any bar to a subsequent examination before another magistrate. We are referred to the case of *State* v. *Braun,* 31 Wis. 600, as holding that, under a bastardy act similar to ours, a discharge by one magistrate after examination is a final adjudication, and a bar to a subsequent trial of the same issue before another justice. An examination of that case will show that what is said on the question was, in view of the ground on which the case was decided, really *obiter,* and, notwithstanding our high respect for the opinions of that learned court, we must say that the reasons given are not convincing to our minds. Our conclusion is that the discharge of the defendant by the respondent justice is no bar to a subsequent complaint and examination before another justice, and hence that his action is not reviewable on this writ.

Writ quashed.