*In the matter of the Petition of* ERNEST C. PARKER *for a Writ of Habeas Corpus.*

BASTARDY—*Proceedings before Justice of the Peace — Discharge, No Bar.* The proceedings before a justice of the peace under the bastardy act, where a person is charged with being the father of an illegitimate child, are of a preliminary nature; and the adjudication of the justice of the peace discharging the defendant is no bar to a subsequent complaint and hearing before the same or another justice upon the same charge.

*Original Proceeding in Habeas Corpus.*

THE case is sufficiently stated in the opinion, filed on July 3, 1890.

*John E. Hessin,* for petitioner.

*F. L. Irish,* and *G. W. Jones,* for respondent.

The opinion of the court was delivered by

JOHNSTON, J.: This is an original proceeding in *habeas corpus*, through which the petitioner, Ernest C. Parker, seeks to be released from an imprisonment which he alleges is illegal. The return made by the respondent shows that the petitioner has been arrested, and is in custody upon a charge that he is the father of a bastard child. It appears that on August 31, 1889, Maggie Green made complaint before a justice of the peace of Riley county, charging Parker with being the father of a bastard child, of which she was delivered on the 31st day of July, 1889. Upon this complaint a warrant was issued, and Parker was brought before the justice of the peace, where a hearing was had, in which numerous witnesses were sworn and testified in behalf of both parties. The relatrix was represented by the county attorney, and upon the evidence adduced the justice of the peace determined and adjudged that the petitioner was not the father of the bastard child, and discharged him from custody. On October 19, 1889, the mother of the child made another complaint before the same justice of the peace, charging the petitioner with being the father of the same child, and thereupon a warrant was issued, upon which the petitioner was arrested and taken before the justice of the peace; and on November 18, 1889, another hearing was had, in which evidence was produced by both parties, and in which the relatrix was again represented by the county attorney. The defendant filed a plea of former acquittal, claiming that the previous trial and the judgment discharging him from custody was a bar to the second action. This plea was overruled, but the justice of the peace, upon the evidence adduced by the parties, again determined that the defendant was not the father of the child, and discharged him from custody. The state took an appeal to the district court, but at the May term, 1890, of that court, the appeal was dismissed, upon the ground that the district court had no jurisdiction to entertain an appeal from the judgment of the justice of the peace in the bastardy case.

On April 15, 1890, a third complaint was filed by Maggie Green before the same justice of the peace, again charging Parker with being the father of her bastard child; and upon this complaint another warrant was issued, under which he was arrested and taken into custody. He immediately instituted this proceeding for a release from imprisonment, and now insists that his discharge at the former hearing before the justice was a final adjudication, which constitutes a bar to a like proceeding before the justice of the peace upon the same charge. Is the hearing and determination of a justice of the peace in a bastardy case, where the defendant is discharged, conclusive, and a bar to a second arrest and prosecution before a justice of the peace for the same cause? The statute is somewhat ambiguous, and the proceeding therein provided for is anomalous, not being distinctively either criminal or civil. The proceeding or prosecution is instituted before a justice of the peace, who issues a warrant upon a complaint, and when the defendant is arrested and brought before him, a preliminary hearing is had, and the testimony of the mother is to be reduced to writing by the justice, carefully read to her, which, when signed, is to be transmitted to the district court. If upon this hearing the defendant is adjudged to be the father of the child, he is required to enter into a recognizance for his appearance at the next term of the district court, to answer the same complaint, and to abide the judgment and orders of that court; and if he fails to give the recognizance, the justice is to commit him to jail. After such hearing, the justice is required to transmit the recognizance and other papers to the district court without delay, the same as is done in criminal cases where the defendant is recognized upon a charge of felony. It is not expressly provided what the order shall be where the justice finds that the defendant is not the father of the child. In the district court, if the defendant denies the charge, a trial is had by the court or a jury, and if it is found that he is the father of the child, or if he shall confess the same, a judgment is rendered by the court that he stand charged with the maintenance and education of such child,

*In re* Parker, *Petitioner.*

which shall specify the amount to be paid and the terms and times of payment. Upon such judgment an ordinary execution may issue, which is to be executed as in other cases. The only provision prescribing what shall constitute a bar to further prosecution before the final judgment is rendered, is found in § 16 of the act, where it is provided that if the mother shall enter of record an admission that provision has been made to her satisfaction, it shall constitute a bar to all other prosecutions for the same cause and purpose. In § 19 of the act it is provided that even the death of a bastard child before or during the pendency of the proceedings, shall not be cause of abatement or a bar to any prosecution for bastardy.

It is obvious that the proceedings before the justice of the peace are only preliminary in character, and that his finding and determination cannot be regarded as a final adjudication that is conclusive upon the parties. Before an adjudication can be held as conclusive and a bar, there must have been a final determination by a competent court upon the merits of the cause. (*Auld v. Smith,* 23 Kas. 65; Wells, Res Adj., § 440.) An interlocutory judgment or order, or one made in a preliminary proceeding, not involving the merits, is not *res adjudicata,* for the reason that it does not finally dispose of or terminate the cause. The hearing before the justice in a bastardy case is preliminary in name and nature. He has no authority to determine the amount or the extent of the defendant's liability. The proceedings before him are closely analogous to a preliminary examination upon a charge of felony, where he only has authority to hold to bail or to discharge. It is immaterial, however, whether the proceeding before him be regarded as criminal or civil in its nature. In either event, his determination on a preliminary hearing, not upon the merits and not final, will not operate as a bar. All that he can do if he adjudges the defendant to be the father of the child, is to recognize him to appear in the district court for final trial and judgment. Should the defendant confess the paternity of

*Bastardy proceeding; discharge, when no bar.*

the child, the justice would be powerless to adjudge that the defendant stand charged with the maintenance and education of the child, or to fix the amount for which he would be liable. His only duty in such case would be to certify the cause to the district court.   At the trial on the merits a jury may be called to finally determine the facts, but a jury trial cannot be had before the justice.   The district court alone can render the final judgment, and as we have seen, a judgment must be final to operate as a bar.   A proceeding in bastardy cannot be originally instituted in the district court, and the only way in which it can be vested with jurisdiction in such cases is through the preliminary proceedings before the justice.   The purpose of the legislature in requiring a hearing before the justice was evidently to furnish a prompt and convenient method of bringing and holding the defendant for a final trial and adjudication before the district court.   To that end, it is provided that process and proceedings adapted to criminal prosecutions may be employed.   As counsel suggested on the argument, the proceeding for the purpose of securing the attendance of the defendant before the court and to compel compliance with the judgment determining his civil liability, is to that extent criminal, and in all other respects it is a civil proceeding; and therefore, in analogy to a criminal prosecution, the preliminary examination of the justice and his determination are not final or conclusive.   It will hardly be contended that the finding and determination of the justice that the defendant was the father of the child would be conclusive against him in the trial before the district court; and if such determination is not conclusive against him, a finding and determination that he was not the father of the child should not be a bar against the state.   If the principle is applicable at all, it applies equally to both parties; and if the determination in the one case is not a bar against the defendant, then the determination in the other case is not a bar against the state.   The bastardy act of Indiana is very similar to ours, and it has been there held that a discharge of the defendant is no bar to a further prosecution. (*Davis v. The State,* 6 Blackf. 494; *The*

*State v. Barbour*, 17 Ind. 526.)   The same court, however, has held the determination of the justice of the peace to be in a certain sense final, by deciding that an appeal by the state lies from a decision rendered by a justice of the peace in favor of the defendant. (*Galvin v. The State*, 56 Ind. 51.)   This right in favor of the state is not based on any express provision of the bastardy act, but upon some general provision of its code authorizing appeals.   The supreme court of Minnesota has also held that the discharge of a defendant by a justice of the peace after an examination under the provisions of the bastardy act of that state is no bar to a subsequent complaint and examination before another justice.   A contrary view seems to have been taken by the supreme court of Wisconsin, in *The State v. Braun*, 31 Wis. 600.   That case was decided, however, upon other grounds, and what was there said was *obiter*, and not essential to the decision of the case.

A strong appeal is made by the petitioner to be relieved from the repeated and harassing arrests and prosecutions to which he has been subjected.   It is insisted that a full inquiry has been made, which shows his entire innocence of the charge brought against him, and that the present prosecution is not begun in good faith, nor because there are any reasonable grounds for believing that he is the father of the child.   If this be true, he is still not without remedy.   The law does not permit or tolerate a perversion of its provisions and process for any purpose, much less for the accomplishment of the unworthy object which the petitioner suggests is intended by this prosecution.   All prosecutions under the act are within the control of the county attorney, and it is his duty to see that no one is vexed and harassed in the manner alleged, and he should discontinue any prosecution which is not begun in good faith and based upon reasonable grounds.   He can prevent the proceedings and process of the law from being abused, and should exercise his power and control in that respect when occasion requires.   There are probably other remedies to prevent the continuance of proceedings under the act after a discharge of the defendant, and when it is shown that they are

not based on sufficient grounds, and are conducted in bad faith and to accomplish a bad end. No proof, however, of any unworthy design was offered in the present case, and none will be presumed.

The petitioner will be remanded.

All the Justices concurring.