# The People ex rel. Minnie Domres v. Gustav Weiss.

# Louis Waterloo v. The People ex rel. Annie Schreiber.

1. BASTARDY—*Examination before Justice—Appeals and Further Arrests.*—No appeal lies from a judgment of a justice of the peace discharging the reputed father of an illegitimate child from an arrest made on a warrant for bastardy, and such a discharge is not a bar to another arrest for the same offense.

Bastardy.—Appeals from the Criminal Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding in The People ex rel. Domres v. Gustav Weiss; the Hon. ABNER SMITH, Judge, presiding in Louis Waterloo v. The People ex rel. Schreiber. Heard in this court at the October term, 1896. The People ex rel. Domres v. Gustav Weiss reversed and remanded. Louis Waterloo v. The People ex rel. Schreiber affirmed. Opinion filed November 19, 1896.

W. F. STRUCKMANN, Assistant County Attorney, for The People ex rel. Domres, appellant, and The People ex rel. Schreiber, appellee, maintained that the proceeding in bastardy is a purely statutory proceeding; it is not a suit at common law, neither is it criminal. Lee v. The People, 140 Ill. 536.

The action is not *ex contractu*, nor does the foundation of

the right of recovery bear any resemblance to a penalty. The object is not to punish for immorality or vice, or to impose a penalty for an unlawful act, but to provide a remedy for the enforcement of a legal obligation to support and maintain the bastard child. The procedure relates to the remedy and not to the cause of action. Sharf v. The People, 134 Ill. 240.

Charles H. Ripley, attorney for Louis Waterloo, appellant.

J. H. Frendenthal, attorney for Gustav Weiss, appellee, contended that when the defendant is discharged by a justice of the peace, the plaintiff's step is to appeal. State ex rel. Dilworth v. Braun and others, 31 Wis. 600; Galvin v. State, 56 Ind. 51.

Mr. Presiding Justice Shepard delivered the opinion of the Court.

These two causes submitted here by stipulation of counsel upon briefs filed in but one of them, present the same question.

Both are prosecutions for bastardy, under the provisions of the statute.

In each of them the reputed father of the bastard child was arrested by warrant, and upon an examination being had before a justice of the peace was discharged and the case dismissed. Thereafterward, upon complaint by the relator in each case, made before a different justice, the said reputed father in each case was held to the Criminal Court.

In that court, what was equivalent to a plea of former adjudication, to wit, an affidavit setting forth in each case the proceedings and discharge in the case before the first justice, was set up. The causes being tried before different judges sitting in the Criminal Court, an opposite result was produced; one of said judges holding that the matter pleaded was a bar to the second proceeding, and the other

holding that it was not a bar, and the two judgments appealed from were accordingly entered.

The only question which we are asked to decide is, which of the two judgments is right.

Our statute concerning bastardy provides that upon complaint being made to a justice of the peace by an unmarried woman, etc., a warrant against the person charged with being the father of the child shall issue, and such reputed father shall be brought before the justice, and an examination as to the truth of the charge shall be had before the justice, and "if the justice shall be of the opinion that sufficient cause appears," he shall bind the person accused, in bond, with sufficient security " to appear at the next County Court to be holden in such county, to answer such charge, to which court said warrant and bond shall be returned, except in the county of Cook, where said warrant and bond shall be returned to the Criminal Court of Cook County;" and thereupon that court shall cause an issue to be made up whether the person charged is the real father of the child or not, which issue shall be tried by a jury.

It thus appears that by the terms of the act the jurisdiction of the justice is confined to a finding of whether or not " sufficient cause appears " to hold the person charged to the Criminal Court, where the real fact shall be determined, and that the jurisdiction of the Criminal Court to make up the issue and try it, attaches only when such finding shall have been made by the justice, and the warrant and bond in the proceedings before the justice have been returned into that court.

Thus, to compel a man to maintain a bastard child, two adjudications, each by a different tribunal, are necessary; one by the justice, that sufficient cause appears to hold him to another court where the main fact shall be tried, and the other by the County or Criminal Court to which he has been held, that he is in fact the father of the child, and the jurisdiction of the latter court to make the latter adjudication, depends upon the fact that a justice of the peace has made the former adjudication.

The statute makes no provision concerning what shall be done by the justice in case that in his opinion sufficient cause does not appear for holding the accused to the Criminal Court. The practice has been, however, so far as we are advised, for the justice to enter a finding that the accused is not guilty, and ordering him to be discharged, and the case dismissed, as was done by the justices by whom the first warrants were in these cases issued.

From such a judgment or discharge the bastardy act does not, in terms, give the right of appeal, nor can such right be found to have been given by the statutes anywhere, unless it be by section one of article X of chapter 79, entitled "Justices and Constables." By that section it is provided that "Appeals from judgments of justices of the peace and police magistrates to the Circuit or County Court * * * shall be granted in all cases except on judgments confessed."

If, under any reasonable construction of any statute, it could be held that the Circuit or County Court to which appeals from judgments of justices of the peace shall be granted "in all cases," has jurisdiction to determine whether "sufficient cause appears" to put a person charged with bastardy upon trial, we should be without difficulty.

It has been held that a proceeding in a bastardy case is not a criminal suit; that it is not an action *ex contractu*, nor one for punishment, nor for the imposition of a penalty for an immoral act, but is a right given by the statute to recover in a civil proceeding such sum, not exceeding the amount prescribed, as may be found to be necessary for the support of the child, in respect to which its father owes the duty of maintenance; and it is said that "the procedure relates to the remedy, and not to the cause of action." Scharf v. The People, 134 Ill. 240.

But it is also said that "although a bastardy proceeding is not a suit at common law, it is clearly a proceeding at law," within the meaning of the words "proceeding at law" employed in the Appellate Court act, and that therefore appeals lie in bastardy cases to that court from the County or Criminal Court. Lee v. The People, 140 Ill. 536. .

Because of the policy of this State being favorable to the allowance of appeals by aggrieved litigants, and because of the oppression which would ensue to an indiscreet unmarried mother, whom the statute had attempted to relieve, she should be entitled to appeal, either in her own name or in the name of the people upon her relation, from an adverse judgment or discharge, or else she should be permitted to make another complaint before a different justice of the peace.

On the other hand, if, instead of her having the right of appeal, it be her right to repeat her complaint before a different justice as often as the ones to whom she has previously applied dismiss her complaint, there would seem to be a violation of that policy of the law that litigation once heard upon the merits, shall cease, except by way of review upon appeal or by writ of error; and men charged with bastardy will have inflicted upon them the oppression of having to answer the same charge many times over.

It is not easy to say which remedy the legislature has intended she shall have. In the cases at bar, the remedy pursued was that of making repeated complaints.

The Supreme Court of Wisconsin, in a case argued by very able counsel, has decided, under a statute very like our own, that where, as here, a second complaint in bastardy was made before another justice after a different justice had dismissed the first complaint, because a case of probable cause was not made out, and there had been no reversal or setting aside of that first judgment, that the first judgment constituted a final adjudication of the cause upon the merits, and was a complete bar to the second proceeding. State ex rel. Dilworth v. Braun, 31 Wis. 600.

We quote from the opinion in that case:

" It is an elementary principle of the law, and one of universal application, that the judgment of a court of competent jurisdiction upon any subject-matter, is final between the same parties in all tribunals, unless the same be reversed by the appellate or supervisory court, or lawfully set aside by the court which rendered the judgment. Why does not

this principle apply here? A court having jurisdiction of the subject-matter, and of the person of the defendant, after full investigation and in strict compliance with the forms of law, has adjudged that there is not probable cause to believe that the relator is the father of the child in question. That judgment has not been reversed, but remains in full force. Why, then, is it not a verity in this case that no such probable cause exists? We think that it is, and that the adjudication of Justice McWhorter (the justice who, under the first complaint, discharged the defendant,) is final and conclusive in that behalf."

We have examined the Wisconsin statutes in force at the time that decision was made, and find that, in most essentials, the bastardy act of that State was like ours, and that it contains no express provision giving an appeal to the State, or the relator, from an adverse judgment by the justice, and the case appears to be exactly in point.

The Supreme Court of Indiana, in Galvin v. The State ex rel. Crouch, 56 Ind. 51, has passed upon the precise question of whether an appeal will lie by the State from an adverse judgment of the justice, under the general statute allowing appeals from justice's judgments in civil cases. It was there said: "It is true, that our statute regulating prosecutions for bastardy does not contain any express provision for an appeal by the State from the judgment of a justice in favor of the defendant. But it has been held by this court, that a prosecution in bastardy is a civil proceeding. In the third section of the bastardy act, it is provided, that in such prosecutions 'the rules of evidence shall be the same as in civil cases.' And the sixth section of said act provides, that the trial of such prosecutions, both before the justice and in the Circuit Court, shall, in all respects not otherwise provided for in said act, 'be governed by the law regulating civil suits.' Evidently, we think, the legislature intended that a prosecution for bastardy * * * should be regarded as a civil action. In the 64th section of the act defining the powers and duties of justices in civil cases, it is provided that 'any party may appeal from the judgment of any jus-

tice to the Court of Common Pleas of the county, or the Circuit Court.' * * * In our opinion, under the law of this State, the State may appeal from an adverse judgment of a justice, in a prosecution for bastardy, to the Circuit Court of the county."

Our bastardy act contains provisions to the same effect as those quoted from the Indiana statute, in the opinion of the Supreme Court of Indiana. Thus, section 3 of the act provides that in the proceeding before the justice, " evidence may be heard as in cases of trial before the County Court;" and in section 4, relating to the trial in the County or Criminal Court, the right is given to the person charged, " to controvert by all legal evidence the truth of said charge." We also have a similar statute, already quoted, permitting appeals " in all cases," and, as already seen, our Supreme Court has repeatedly held, as did the Indiana court, that a prosecution for bastardy is a civil action.

We know of no other cases in point, and if we · should follow those decisions, we should have to hold that although in this State, as in Indiana, no express provision for an appeal by the State from an adverse judgment by the justice in a bastardy proceeding is given, yet such right of appeal exists under the provisions of the act concerning justices and constables, already quoted from, granting the right of appeal from judgments of justices " in all cases except in judgments confessed;" and that, as held in Wisconsin, such an adverse judgment, not appealed from, reversed, or set aside, constitutes an effectual bar to a second proceeding against the reputed father.

The majority of the court is opposed to following the rule laid down in those cases. It is thought that the better reason lies in holding that no appeal lies from the justice's judgment, and that such judgment, adverse to the people or the relator, constitutes no bar to a second complaint, because the bastardy act does not provide for an appeal, and because there is found no authority in that act for the justice of the peace to give any redress to the party complaining, but only to inquire and determine whether there is a sufficient cause

shown for holding the accused in bonds to the Criminal Court, which alone can adjudge upon the merits, and because the Criminal Court is empowered to so adjudge only after a justice of the peace has passed upon the question of whether there be or not sufficient cause, and because there is not invested in any tribunal, except that of a justice of the peace, jurisdiction to pass upon the question of sufficient cause, which, under the statute, is a pre-requisite to an inquiry into, and adjudication upon, the real question of whether in fact the person charged is the real father of the child.

It is considered that in principle the case is analogous to that of a person charged with a criminal offense, and who, upon preliminary examination before a magistrate, has been discharged, but who may again be arrested and taken before a different magistrate and be held.   In re McIntyre, 10 Ill. 422;  Bulson v. The People, 31 Ill. 409.

It was therefore error in the first entitled case of The People ex rel. v. Weiss, to hold that the order entered upon the hearing of the first complaint before Justice Kaufman was a bar to a prosecution of the second complaint before Justice Everett, and the judgment in that behalf is reversed and the cause remanded, and the judgment in the second entitled case of Waterloo v. The People ex rel., etc., is affirmed.

The question is one of very considerable collateral importance, and we will certify the Waterloo case to the Supreme Court, if desired.