[No. 22673. Department One. November 18, 1930.]

THE STATE OF WASHINGTON, *Appellant*, v. WOODIE M. DALE, *Respondent*.[1]

*W. J. Milroy* and *Leonard E. Top,* for appellant.
*Thos. L. O'Leary,* for respondent.

PARKER, J.—This case was initiated as a bastardy proceeding before a justice of the peace of Thurston county. Following a preliminary hearing before the justice, as the law prescribes, he rendered his decision finding that the evidence submitted to him failed to show sufficient cause to justify binding the defendant to appear in the superior court for Thurston county to answer the charge made against him, and ordered that the case be dismissed. Thereupon the prosecuting attorney gave notice of appeal from this disposition of the case by the justice to the superior court for Thurston county. Thereupon counsel for the defendant moved that court to dismiss the appeal, resting the motion upon the ground that such a decision and order of a justice is not subject to appeal and review by the

[1]Reported in 292 Pac. 1104.

superior court. This motion was by the superior court sustained and an order entered accordingly, from which the prosecuting attorney has appealed to this court.

■ A reading of our statutes prescribing the procedure in bastardy proceedings will readily show that the prescribed hearing before a justice of the peace is only a preliminary hearing, calling for a decision and order of the justice that the accused be held to appear in the superior court to there stand trial upon the charge made against him, or calling for a decision and order of the justice that there is no probable cause for so holding the accused. In other words, our statute means that such preliminary hearing before the justice is only a hearing before him as a committing magistrate. The applicable provision, Rem. Comp. Stat., § 1971, reads:

"If such justice shall be of the opinion that sufficient cause appears, it shall be his duty to bind the person so accused in bond with sufficient surety payable to the state of Washington and conditioned that he will appear in the superior court of such county, at such time or times as the judge thereof may fix or order, to answer such complaint, and abide the judgment and orders of the court; . . ."

There is no statutory provision for appeal or review of the decision of the justice upon the preliminary hearing. Other sections of the statute provide for trial of the accused upon the merits in the superior court when he is held for such trial by the justice upon the preliminary hearing.

It seems to have been but seldom contended that the disposition of a preliminary hearing of this nature by a committing magistrate, whether upon a pure criminal charge or a bastardy charge looking only to support of mother or child by the accused, is subject to review by appeal or otherwise in a higher court. But one decision

has come to our notice dealing with this question in the absence of statute expressly providing for such review, and that is the decision of the supreme court of Minnesota in *State v. Linion,* 42 Minn. 32, 43 N. W. 571. There was therein involved an attempted review of a decision and order of a justice of the peace discharging an accused upon a preliminary hearing under a bastardy statute, prescribing procedure in substance the same as ours does. In holding that there was no right of appeal or review in the prosecution from such a decision and order, Justice Mitchell, speaking for the court, said:

"It is here sought by writ of certiorari to review the action of the respondent as a justice of the peace in discharging, after an examination, a defendant brought before him on complaint and warrant under the provisions of Gen. St. 1878, c. 17, relating to bastards. The office of this writ, which is in the nature of appeal, is to bring up for review the final determination of an inferior tribunal, which, if unreversed, would stand as a final adjudication of some legal right of the relator. As a reversal of the action of the justice in the present case could not reinstate the proceeding for further action by him, the only ground upon which his action in discharging the defendant could be reviewed on this writ would be that such discharge is a bar to another complaint. We are clearly of opinion that it is not. In bastardy proceedings a justice has no power either to convict or acquit. The procedings before him are analogous to examinations in criminal cases, with a view to commitment or discharge on bail, the only power of the justice being to ascertain whether there is probable cause to believe that the defendant is the father of the child, and if so to require him to enter into a recognizance to answer the complaint at the next term of the district court, the sole object of which is to secure his appearance in that court, which alone has jurisdiction to try and determine the case. . . . Our conclusion is that the discharge of the defendant by the respondent justice is no bar to a subsequent com-

plaint and examination before another justice, and hence that his action is not reviewable on this writ."

The decisions are abundant in number holding that the discharge of an accused by a committing magistrate upon a preliminary hearing is in no sense a final judgment, and does not stand in the way of the institution of another prosecution against the accused for the same charged offense. 16 C. J. 334. This, of course, is the real foundation of the reason for such a decision and order of a committing magistrate being not subject to appeal or review in the absence of express statute so providing.

The order of the superior court dismissing the attempted appeal from the decision and order of the justice is affirmed.

MITCHELL, C. J., MAIN, TOLMAN, and HOLCOMB, JJ., concur.