211 P.2d 473

STATE v. HICKS.

No. 5217.

Supreme Court of Arizona.

Nov. 21, 1949.

210

Stewart L. Udall, of Tucson, attorney for appellant.

John C. Gung'l, of Tucson, attorney for appellee.

PHELPS, Justice.

The facts in this case are that under the provisions of section 27-405, A.C.A. 1939, a verified complaint was filed with the justice of the peace of Willcox, Cochise County, Arizona, by Barbara Foote Hicks on October 22, 1948, charging that defendant Robert A. Hicks had sexual intercourse with her on or about July 4, 1946; that at said time she and defendant were not husband and wife and as a result of said intercourse she became pregnant and on April 4, 1947, gave birth to a child, and prayed that the defendant be adjudged to be the father of said child and required to support it as provided by law. A hearing was had pursuant thereto before such justice of the peace and the only testimony submitted was that of the complainant which, if true, supported the allegations of the complaint. At the conclusion of the hearing, however, the justice of the peace entered an order purporting to adjudge defendant not guilty. From this order the complainant appealed to the superior court of Cochise County. Thereafter on motion of defendant said appeal was ordered dismissed.

It is from the order of dismissal by said superior court that complainant prosecutes this appeal.

The motion to dismiss the appeal to the superior court sets forth three grounds for dismissal:

1. That the state did not file a notice of appeal;

2. That no bond on appeal was filed; and

3. That the order appealed from was not an appealable order.

The order of dismissal failed to state upon what ground the motion to dismiss was granted.

The appellant in the assignments of error, however, assumes that the order of the superior court dismissing said appeal was based upon each of the grounds set forth in the motion to dismiss and specifically assigns the court's ruling on each ground as error.

We are of the view that the superior court properly dismissed the appeal upon the ground that the order of the justice of the peace was not an appealable order. The pertinent sections of the 1939 Arizona Code Annotated relating to bastardy proceedings so far as material in the determination of the issues in this case are as follows: Sections 27-405, 27-406 and 27-408 providing:

"27-405. Bastardy proceedings—Complaint—Warrant.—On complaint being made to a justice of the peace by a woman who is delivered of a child born out of lawful wedlock, or pregnant with such child, accusing any person of being the father of such child, the justice shall take the complaint in writing, under her oath, and thereupon shall issue his warrant of arrest directed to the sheriff or any constable of his county, or of the state commanding him forthwith to bring such accused person before him to answer such complaint."

"27-406. Docketing action and examination.—The justice shall enter an action in his docket, in which the state shall be plaintiff, and the accused defendant, and shall make such other entries as in criminal actions. On the return of the warrant with the accused, the justice shall examine under oath the complainant, and such other witnesses as may be produced by the parties, respecting the complaint, and shall reduce such examination to writing."

"27-408. Recognizance and certification to superior court.—If the defendant does not comply with the provisions of the proceding section, and *there is probable cause to believe him guilty as charged* in the complaint, the justice shall require him to enter into a recognizance with sureties approved by the justice, in a sum not less than five hundred dollars ($500) nor more than one thousand dollars ($1,000), to appear before the superior court of the county and answer said complaint and abide the order of such court thereon. If he fails to give such recognizance, the justice shall commit him to the county jail, there to be held to answer to such complaint. Thereupon the justice shall certify the examination, and return the same, and all process and papers in the case to the clerk of such court." (Emphasis supplied.)

Section 9 of article 6 of the Arizona constitution expressly states that the jurisdiction of justices of the peace shall be as provided by law.

Section 20-102, A.C.A.1939, provides, in so far as we are here concerned

that "Justices of the peace have such jurisdiction only as may be affirmatively conferred on them by law." They have and can exercise no powers except those conferred by the statute. 31 Am.Jur., Justices of the Peace, section 33.

Let us see then what jurisdiction the legislature has conferred upon justices of the peace in bastardy proceedings and particularly at the conclusion of the hearing provided for in section 27-406, supra. If defendant does not reach an agreement with the mother of such child for its support approved by the board of supervisors as provided in section 27-407, A.C.A.1939, and if the justice of the peace finds from the evidence that there is *probable cause* to believe that defendant is the father of the child then the justice of the peace is authorized to require a recognizance of defendant of not less than $500 nor more than $1000 to appear before the superior court of the county and answer said complaint and the justice of the peace is required to certify the examination and return the same and all process and papers in the case to the clerk of the superior court.

On the other hand if he fails to find from the evidence probable cause to believe defendant guilty as charged in the complaint he should dismiss said complaint upon the ground of insufficient evidence.

The hearing before the justice of the peace in bastardy proceedings is a preliminary hearing similar in many respects to preliminary hearings provided for in criminal cases. It is designed to furnish the machinery for vesting jurisdiction of the parties and of the subject matter in the superior court. It is in the superior court that the power resides to try the cause upon its merits and to determine the guilt or innocence of the defendant. The sole power conferred upon the justice of the peace by law in such proceedings is to determine from the evidence taken at the hearing whether there is probable cause to believe defendant to be the father of the child and to enter such order as the law requires based upon such finding. The fact of probable cause does not have to be established beyond a reasonable doubt but if the evidence is such that in good conscience a probability is created in the mind of the justice of the peace that defendant is guilty it then becomes the mandatory duty of such justice of the peace to bind defendant over to the superior court for trial on the merits. If on the other hand the evidence is insufficient to create in his mind a probability of guilt then it is equally his duty to dismiss the complaint because of insufficient evidence. This constitutes the extent of the jurisdiction and powers of the justice of the peace in these matters. It is not a determination of the rights of the parties upon the merits and it is therefore not res judicata. It is not even res judicata of the existence or non-existence of probable cause to believe defendant guilty as charged in the complaint. Consequently upon dismissal of the complaint the

complainant may, if she desires, immediately file with the same justice of the peace or with any other justice of the peace in the county another complaint containing the same charge. 7 Am.Jur., Bastards, section 94; In re Parker, 44 Kan. 279, 24 P. 338; State v. Dale, 159 Wash. 300, 292 P. 1104.

We held in Skaggs v. State, 24 Ariz. 191, 207 P. 877, 880, that inasmuch as we took our bastardy act from the state of Minnesota that we adopted it with the well-settled construction placed upon it by the courts of that state to the effect that the proceedings were civil in nature (citing many cases). Consequently we declared that while the act contains some provisions similar to criminal procedure it is essentially a civil proceeding and concluded with the following language: "We are therefore compelled to hold that title 10, pt. 1, of our Penal Code, denominated 'Bastards,' is, because of the rights and remedies it attempts to create, and in its incidents, attributes, and consequences, manifestly a civil proceeding; * * *." At the time Arizona adopted said act the supreme court of Minnesota had held in the case of State ex rel. Ortloff v. Linton, Justice of the Peace, 42 Minn. 32, 43 N.W. 571, that: " * * * In bastardy proceedings a justice has no power either to convict or acquit. The proceedings before him are analogous to examinations in criminal cases, with a view to commitment or discharge on bail, the only power of the justice being to ascertain whether there is probable cause to believe that the defendant is the father of the child, and if so to require him to enter into a recognizance to answer the complaint at the next term of the district court, the sole object of which is to secure his appearance in that court, which alone has jurisdiction to try and determine the case. If a defendant, who is thus put under recognizance, entered the trial of his cause in the district court with the fact standing as res adjudicata against him that there was probable cause for believing him guilty, there would be good reason for holding that his discharge by the justice was res adjudicata in his favor, and a bar to another complaint. But the act of the justice in binding him over adjudicates nothing as to his guilt or innocence, and has no weight either as a judgment or as evidence on that question. * * *."

Following the declaration laid down in the Skaggs case, supra, this court is inclined to accept the well-settled construction of the statute by the Minnesota courts.

■ It follows that the attempt of the justice of the peace to determine the guilt or innocence of defendant and in finding the defendant not guilty was without jurisdiction and wholly void. We will, however, consider it as being intended as an order of dismissal for lack of sufficient evidence.

■ In that particular, however, let us further observe that a judicial officer is not bound to believe the undisputed evidence of an interested witness, Davis v.

Industrial Commission, 46 Ariz. 169, 49 P. 2d 394; Silva v. Traver, 63 Ariz. 364, 162 P.2d 615, but where, as in this case the complaining witness testified to numerous acts of sexual intercourse with defendant wholly undenied by him, and corroborated by the fact that she had subsequently, to-wit, nine months after the act alleged in the complaint, given birth to a baby which is conclusive proof of the fact of sexual intercourse, we hold that the finding of the justice of the peace that there was no probable cause to believe that defendant was the father of said child constituted a gross and unwarranted abuse of judicial discretion resulting not only in additional burdensome expenses to both parties litigant but also to the taxpayers of Cochise County and the state of Arizona.

We further hold:

1. That the order of the justice of the peace in this case was not a final order and therefore not appealable and that the superior court properly dismissed said appeal;

2. That said order is merely preliminary in nature and constitutes the machinery set up by the legislature to vest jurisdiction of bastardy cases in the superior court where the cause shall be tried upon the merits;

3. That the order of the justice of the peace adjudicates nothing and is not even res judicata of the finding by the justice of the peace that there was or was not probable cause to believe defendant to be the father of the bastard child;

4. That complainant may immediately after an order of dismissal in such cases file another complaint containing the same charge before the same justice of the peace or before any other justice of the peace in the county.

Accordingly it is ordered that the judgment and order of the trial court in dismissing the appeal be affirmed.

LA PRADE, C. J., and UDALL, STANFORD and DE CONCINI, JJ., concur.