THE STATE *ex rel.* BRAINERD v. THAYER, *Judge of the St. Louis Circuit Court.*

1. **Appeal:** SUPERSEDEAS. The circuit court of the city of St. Louis granted, of its own motion, a new trial to plaintiff in a cause pending therein, and in obedience to a peremptory writ of mandamus from the St. Louis court of appeals, procured and served at the instance of the defendant in the cause in the circuit court, the order granting the new trial was vacated on terms imposed by the judgment of the court of appeals, *Held*, that neither the appeal with supersedeas bond taken by the judge of the circuit court to the Supreme Court, from the judgment in the mandamus proceeding, nor the same taken by the relator therein, being the defendant in the cause in the circuit court, would operate to stay a trial of said cause in the circuit court.

2. ——: ———. An appeal can operate as a supersedeas only in the case in which it is taken.

*Prohibition.*

WRIT DENIED.

*Phillips & Stewart* and *W. C. Marshall* for relator.

*P. Wm. Provenchere* for respondent.

The judgment of the court of appeals was not superseded by the appeal. It was actually and fully executed before any appeal was taken. High Extra. Rem., § 766; *Smith v. Allen*, 2 E. D. Smith 259; *Sherrill v. Campbell*, 21 Wend. 287. An appeal accompanied by a bond operates a supersedeas only in the case in which it is pending. *Welch v. Cook*, 7 How. Pr. 287; *Wilkes v. Henry*, 4 Sandf. Ch. 395. Before this court will grant a writ of prohibition, it should clearly appear that the circuit court has no jurisdiction. High Extra. Rem., §§ 767, 770, 780; *Ex parte Peterson*, 33 Ala. 78. The relator is in effect asking for an interlocutory injunction against the circuit court pending the case for mandamus, and this is not permissible. *Ex parte Peterson, supra.*

HENRY, J.—Charles O. Patier and William Wolf sued relator in the circuit court of St. Louis, on two promissory notes. Brainerd, in his answer, pleaded two counter-claims, and on a trial of the cause before Judge Adams, on the 29th day of April, 1882, the jury returned a verdict against plaintiff for $2,000 on the first counter-claim, and for plaintiff on the second. The court, of its own motion, set aside the verdict, and afterward, May 4th, 1882, defendant moved for a judgment on the verdict, which the court overruled on the 12th of May, whereupon the defendant applied to the St. Louis court of appeals for a mandamus to compel Judge Adams to enter the judgment on the verdict. Judge Adams appeared and filed his motion in the court of appeals to quash the writ, which that court overruled. This occurred June 27th, 1882. Judge Adams filed his bill of exceptions and declined to plead further, and the result of the mandamus proceeding was the issuance of a peremptory writ commanding him to enter judgment forthwith on said verdict, and to allow either party four days after his compliance with said writ, to file a motion for a new trial or in arrest of judgment. This writ was issued on the 28th of June, 1882, and on the same day the judgment was entered as commanded, and plaintiffs filed their motion for a new trial in four days, which was granted December 11th, 1882.

On the 29th of June, 1882, relator filed his motion in the court of appeals for a modification of its judgment, by striking out that portion which directed leave to be given to either party to file motion for new trial or in arrest of judgment, which motion was overruled, and relator filed his bill of exceptions, and on the same day Judge Adams was granted an appeal to this court from the judgment in the mandamus proceeding, and gave appeal bond in the penalty required by the court of appeals. On the 1st of July relator was granted an appeal, but filed no bond. When the motion for a new trial was filed in the circuit

court on the 28th of June, defendant appeared and resisted the motion, and after it was sustained, he filed his motion to set aside the order, which was overruled, and he filed his exception, and afterward, on the same day plaintiffs asked and obtained leave to withdraw their replication to defendant's answer, and filed their motion to require defendant to make his answer more definite and certain, and at this stage of the proceedings the cause was transferred to room No. 5, Judge Thayer's division. Defendant afterward suggested the death of Wolf, one of the plaintiffs, and on application of Chas. O. Patier, he was permitted to prosecute the suit as surviving partner, and the motion to make the answer more definite was sustained, and defendant's motions to set aside those orders and for a stay of proceedings until a determination of the mandamus proceeding in the court, was overruled. Afterward, in October, 1883, Brainerd filed in the court, in the mandamus proceeding against Adams an appeal bond in the sum of $200.

On these facts the relator asks that this court prohibit Judge Thayer from proceeding in this said cause of *Patier v. Brainerd* until this court shall have rendered a judgment in the mandamus cause pending here on appeal. This must be denied. If this court affirm the judgment of the court of appeals, relator has naught to complain of but subsequent orders made in the cause, to which it appears he has duly saved his exceptions. If that judgment be reversed, it must be upon the ground that no error was committed by Judge Adams in setting aside the verdict of his own motion; and Judge Thayer's trial of the cause will be on the same footing as if it had remained in Judge Adams' division, and he had proceeded to try it; and all improper orders heretofore made, if any, have been duly excepted to and bills of exceptions filed, and it will be defendant's own fault if any occur subsequently to which exceptions are not made and properly preserved.

If this court should hold that the court of appeals did right in awarding a writ of peremptory mandamus,

but erred in so much of that judgment as gave leave to either party to file a motion for a new trial or in arrest, within four days after the judgment should be entered as commanded, it may complicate and embarrass the case, but at whose door does the fault lie ? As soon as defendant obtained his judgment in the court of appeals awarding the peremptory writ, in which he alleges there was error, instead of taking his appeal from that judgment and staying the proceedings until it could be heard, in hot haste he had the mandate of the court of appeals served on Judge Adams the same day the judgment was rendered, which ordered him to do the very thing of which defendant now complains. But if such should be the decision of this court, an appeal from any judgment which may be rendered against him would probably have the effect to restore the original judgment, if defendant in the trial of that cause properly saved his exceptions. That, however, we shall not now detetmine

The appeal taken by Judge Adams, nor that taken by relator from the judgment in the mandamus proceeding, in which Patier and Wolf were in no sense parties, had not the effect to stay proceedings in the case of Patier against respondent. Certainly not after the judge has obeyed the mandate of the court of appeals by entering the judgment on the verdict, and then in obedience to the writ permitted plaintiffs to file their motion, and in the exercise of his judicial function, granted it. An appeal cannot operate as a supersedeas in any case except that in which it is taken. This would seem too plain for controversy.

Conceding that the appeal of Judge Adams on his executing an appeal bond, operated as a supersedeas, yet he has complied with the mandate of the court of appeals, the enforcement of which was all that was superseded. We cannot see how the pendency of either Judge Adams' or relator's appeal, or any order made in the cause either by Judge Adams or Judge Thayer, furnishes any ground for the position that Judge Thayer will be guilty of any usur-

pation or abuse of authority by proceeding to try the cause. All they have done has either been in obedience to the mandate of a superior tribunal, or in the exercise of their functions as judicial officers. *Ex parte Peterson*, 33 Ala. 78. "The remedy by prohibition is never allowed except in cases of a usurpation or abuse of power; and not then, unless other existing remedies are inadequate to afford relief." High on Extra. Rem., § 767.

Our conclusion is, that relator is not entitled, on the facts, to the writ of prohibition. And the demurrer to this petition is sustained. All concur.