BANK OF TIPTON, Respondent, v. WILLIAM H. COCHEL
ET AL., Appellants.

### Kansas City Court of Appeals, November 7, 1887.

1. JUDGMENT—ATTACHMENT AND INTERPLEA—EFFECT OF JUDGMENT
FOR PLAINTIFF ON INTERPLEA AS TO DEFENDANT IN ATTACHMENT—
CASE ADJUDGED.—In a suit by attachment against defendants, on
the ground, among others, that they had fraudulently assigned
their property, one Hazell interpleaded, claiming all of the prop-
erty attached, by virtue of a general assignment made to him by
the defendants, and the plaintiff had judgment on the interplea.
*Held*, that by that judgment the interpleader was bound, and as to
him the property attached was made subject to the lien of the at-
tachment. *Held*, further, that the defendants in the attachment
were, also, concluded by the judgment on the interplea.

2. ——— PRACTICE—WRIT OF ERROR—SUPERSEDEAS.—A writ of error
cannot operate as a *supersedeas* in any case except that in which it
is taken. And as no *supersedeas* bond was given, in this case, the
judgment was not affected at all by the writ of error, as without
such bond there was no *supersedeas*.

APPEAL from Cooper Circuit Court, HON. E. L.
EDWARDS, Judge.

*Affirmed.*

The case is stated in the opinion.

J. F. TAYLOR, SMITH & KRAUTHOFF, MOORE & WIL-
LIAMS, and COSGROVE & JOHNSTON, for the appellants.

I. The judgment of the circuit court should be re-
versed, because it erroneously held that appellants were
privies to the interplea proceedings in the circuit court
of Moniteau county, and that, therefore, the question
and issues tried in that case were *res judicata* as to this
case. There was no privity between appellants and
Hazell. The test of who are privies seems to be this:

VOL. xxvii—34

No one is a privy who could not be admitted to make defence, to examine witnesses, or to appeal from the judgment. It is a general principle, fundamental to the doctrine of *res judicata*, that personal judgments must conclude only the parties to them and their privies. The bar must be mutual to parties in the latter action. *Haley v. Bagley*, 37 Mo. 364; *Henry v. Wood*, 77 Mo. 277; *McDonald v. Matney*, 82 Mo. 358; *Quigley v. Bank*, 80 Mo. 296; *Brennan v. O'Driscoll*, 33 Mo. 372; Greenleaf on Evid., sects. 189, 523, 536; Freeman on Judgments, sect. 162.

II.   The judgment against Hazell for costs upon the interplea filed by him, was not such a final determination of the rights of the appellants as to estop them from denying the truth of the allegations in the affidavit in the attachment suit. The judgment was pending in the Supreme Court, and was liable to be set aside, reversed, or anulled, at any time. It will not be questioned that the Supreme Court has authority to annul or modify any judgment of an inferior court, taken to that court by a writ of error, to the same extent as if taken there by appeal. The writ of error suspended the judgment entered against Hazell. It was not competent evidence against appellants in the plea in abatement. *Ketchum v. Thatcher*, 12 Mo. App. 185.

III.   The interplea filed by Hazell did not make him a party to the original suit. The interplea was collateral to it. *Burgert v. Borchert*, 59 Mo. 85; *Wangler v. Franklin*, 70 Mo. 660; *Brennan v. O'Driscoll*, 33 Mo. 372.

IV.   The evidence of plaintiff did not conclusively prove that the same issues were determined in the trial of the interplea filed by Hazell that were involved in this case. To sustain a plea of *res judicata* there must be evidence to show that the matters in issue and decided in the first suit are the same as those presented for determination in the second. *Spurlock v. Railroad*, 76 Mo. 67.

W. P. JOHNSON & SON and DRAFFEN & WILLIAMS, for the respondent.

I. The statute does not give the defendants the right of appeal from the judgment upon the plea in abatement. Rev. Stat., sect. 439.

II. The question in issue upon the trial was whether the defendants had made a fraudulent conveyance of their property. If they had made one such conveyance, it authorized the attachment. It was wholly immaterial whether or not there was any evidence in regard to the other grounds alleged in the affidavit. *Tucker v. Frederick*, 28 Mo. 574.

III. The question tried before the jury in the Moniteau circuit court, upon the interplea, as shown by the pleadings read in evidence, was whether the conveyance of the goods attached, made by the defendants, was fraudulent as to their creditors. The verdict and judgment established the fact that said conveyance was fraudulent. This verdict and the judgment entered upon the same were competent to conclusively prove the facts so found in any other action between the parties to said proceedings. "There is no doubt that a judgment or decree, necessarily affirming the existence of any fact, is conclusive upon the parties or their privies, whenever the existence of that fact is again in issue between them, not only when the subject-matter is the same, but when the point comes incidentally in question in relation to a different matter in the same or any other court, except on appeal," etc. Freeman on Judgments [3 Ed.] sect. 249; Bigelow on Estoppel, p. 35, *et seq.; Hickerson v. City of Mexico*, 58 Mo. 61; *Cleveland v. Creviston*, 47 Am. Rep. 367; 1 Greenl. on Evid., sect. 534.

IV. The interplea was filed in the case of "The Bank of Tipton, plaintiff, v. W. H. Cochel and J. L. Bechtold, defendants." The defendants in the attachment were parties to said proceedings as much as the plaintiff in said suit; and, if parties, are as much bound

by the judgment rendered therein. *McElfatrick v. Macauley*, 15 Mo. App. 102, 104; *Nolan v. Deutsch*, 4 West. Rep. 902; *State ex rel. v. Fitzpatrick*, 64 Mo. 185.

V. The pleadings introduced in evidence show what issue was tried upon the interplea. As this appeared upon the face of the record, it was neither necessary nor proper to show by parol what question was tried. The *Spurlock case* (76 Mo. 67) is not in point. *Armstrong v. City of St. Louis*, 69 Mo. 309; Freeman on Judgments, sect. 272, *et seq.*

VI. "If an appeal is in the nature of a writ of error, conferring power on the appellate court to determine such errors as may have occurred at the trial, or in the decision of the cause, and giving the court, upon such determination, no other authority than that of reversing, modifying, or affirming the judgment of the inferior court, and of remitting the case back to the tribunal whence it came, that such tribunal may conform its judgments and proceedings to the views of its superior; then the judgment appealed from does not, until vacated and reversed, cease to operate as a merger and a bar." The writ of error did not suspend the judgment. There was no *supersedeas* in the case. Freeman on Judgments [3 Ed.] sect. 128; *Ketchum v. Thatcher*, 12 Mo. App. 185.

Hall, J.—This was a suit by attachment against the defendants on the ground, among others, that they had fraudulently assigned their property. One Hazell interpleaded, claiming all of the property attached, by virtue of a general assignment made to him by defendants. To the interplea the plaintiff made answer, alleging that the assignment was fraudulent as to the plaintiff and the creditors of the defendants. The plaintiff had judgment on the interplea, on which judgment the interpleader sued out of the Supreme Court a writ of error. But it would seem, from the record in this case, that no

bond for a *supersedeas* was given, or *supersedeas* granted. The question is, was the judgment on the interplea conclusive as to the fraudulent character of the assignment, on the defendants, in the trial of the plea in abatement, filed by them?

The point made that it does not sufficiently appear that the assignment was decided to be fraudulent, in the trial of the interplea, is not tenable. The assignment stood admitted, under the pleadings, and the sole question was, was it fraudulent? Judgment against the interpleader could not have been rendered unless the assignment had been found to be fraudulent. The assignment, therefore, was necessarily declared fraudulent and must be deemed as so determined. *Armstrong v. St. Louis*, 69 Mo. 310.

By the judgment on the interplea, the assignment was declared fraudulent. By that judgment the interpleader was bound, and as to him the property attached was made subject to the lien of the attachment. As between the plaintiff and the interpleader, the assignment was fraudulent. The interpleader was concluded by the judgment so that he could not deny that the assignment was fraudulent. No one could do for the interpleader what he could not do for himself. By denying that the assignment was fraudulent, and by asserting that the assignment was valid and binding, the defendants were merely asserting that the property attached was the interpleader's property. In so doing they were asserting no right of their own. For it must be borne in mind that the whole property attached was included in the general assignment. The defendants, in so doing, were merely renewing the claim made by the interpleader. But the interpleader himself could not have renewed the claim. The interpleader himself was concluded. And so were the defendants. As concerned the defendants, the interpleader's property had been subjected to the lien of the attachment; of this the defendants had no right to complain.

The defendants were concluded by the judgment on the interplea, not because they were parties to the interplea, but simply because they could not assert for the interpleader rights denied the latter by that judgment. The writ of error did not affect the judgment on the interplea, as concerned the issue between the plaintiff and the defendants, raised by the plea in abatement.

A writ of error cannot operate as a *supersedeas* in any case except that in which it is taken. *State ex rel. v. Thayer*, 80 Mo. 439 ; *The Mo. Pac. Ry. Co. v. Atkinson*, 17 Mo. App. 495. Besides, no *supersedeas* bond was given, so far as is shown by the record in this case. Without such bond, the judgment was not affected at all by the writ of error. Without such bond, there was no *supersedeas*. *Railroad v. Atkinson, supra*.

The case was tried in accordance with the views herein expressed. Judgment affirmed. All concur.