## WAND v. RYAN, Judge, et al.

### In Banc, February 19, 1902.*

1. **Prohibition:** WHEN GRANTED. If the facts stated in the return show that the trial court had jurisdiction of the class of cases to which belongs the one in which it was proceeding, and had not exceeded that jurisdiction, even though it may have committed some reversible error, prohibition will not be awarded.

2. ————: OTHER REMEDIAL PROCEDURE. It is fundamental that the writ of prohibition must not be permitted to assume the functions of appeal, writ of error or *certiorari.*

3. ————: ADMISSIONS BY MOTION NON OBSTANTE. A motion for judgment upon the return admits all the facts properly pleaded.

4. ————: ————: JURISDICTION IN SUIT ON ALIMONY BOND: NUNC PRO TUNC CORRECTION. A circuit court has jurisdiction to correct *nunc pro tunc* at a subsequent term the mistake of its clerk in

---

NOTE.—Decided December 21, 1901. Motion for rehearing denied February 19, 1902.

embodying in a record of the judgment for the penalty of a bond for alimony and for damages for breaches thereof a recital that the same was to be satisfied on a payment of the damages. The judgment on its face released the sureties on the bond from further liability, however many might be the breaches thereof, on payment of the monthly installment previously due, and this judgment the court had no authority to render and the clerk no authority to enter, and the mistake being patent, the court could at a subsequent term set it aside and render the proper judgment. And having jurisdiction to do so, prohibition will not lie to stop proceedings to collect damages for subsequent breaches of the bond.

5. ——: ——: ——: SATISFACTION. In such case the court has jurisdiction to set aside an entry of satisfaction of the judgment made by the attorneys of the obligees in the bond.

6. ——: ——: ——: ——: APPEAL WITHOUT BOND. An appeal without bond from the action of the circuit court in correcting the misprision of the clerk in entering a judgment, does not stop execution issuing under the judgment when subsequently corrected.

*Prohibition.*

WRIT DENIED.

*T. J. Rowe* for petitioner.

*Gilliam & Smith* for respondents.

(1) The provisional prohibition can not be used as a writ of error, appeal or certiorari. State ex rel. v. Lewis, 76 Mo. 376; State ex rel. v. Thayer, 80 Mo. 440. (2) Plaintiff Wand not having given bond, according to statute, nor secured an order of supersedeas, there was nothing to prevent scire facias and execution, especially as the arrears of alimony had not accrued at the time of the first judgment, and the circuit court had full right and jurisdiction to award execution for damages. Sec. 2249, R. S. 1889; State ex rel. v. Hirzel, 137 Mo. 435; State ex rel. v. Woodson, 128 Mo. 497; State ex rel. v. Klein, 137 Mo. 673; Railroad v. Atkinson, 17 Mo. App. 484; Lewis v. Railroad, 59 Mo. 495; Boyer v.

Rees, 4 Watts (Pa.), 201; Christy v. Flanagan, 87 Mo. 670; Farrelly v. Cross, 10 Ark. 404; State ex rel. v. Ranson, 38 Mo. 327; R. S. 1889, secs. 869, 870, 871; State v. Austin, 141 Mo. 481; Ins. Co. v. Hill, 17 Mo. App. 590; Sutton v. Cole, 155 Mo. 206; Bank v. Cochel, 27 Mo. App. 529. (3) Relator is estopped by his previous acts, and had ample remedy by appeal and giving bond to stay proceedings. State ex rel. v. Thayer, 80 Mo. 436; R. S. 1899, sec. 809; Reynolds v. Kroff, 144 Mo. 447. (4) The court had full jurisdiction. Dowdy v. Wamble, 110 Mo. 280; Gazollo v. McCann, 63 Mo. App. 414; Hope v. Blair, 105 Mo. 85; State ex rel. v. Elkin, 130 Mo. 90.

GANTT, J.—This is an original proceeding in this court by plaintiff to obtain a writ of prohibition absolute against Hon. O'Neill Ryan, one of the judges of the circuit court of the city of St. Louis, to restrain and prohibit him from taking further cognizance of a certain cause pending in his court, wherein Elizabeth J. Burnside, his co-defendant herein, is plaintiff, and Thomas Wand is defendant.

A rule to show cause why said writ should not issue was granted by one of the judges of this court in vacation on July 1, 1901, returnable to the first day of this term, and in the meantime to refrain from all further action in the premises until the further order of this court. To this rule Judge Ryan and Mrs. Burnside, on the first day of this term, made their joint return, and prayed that said provisional writ should not be made permanent. And afterwards, on October 12, 1901, the plaintiff moved this court for judgment notwithstanding said return.

The return of Judge Ryan, and plaintiff's motion for judgment notwithstanding, present the questions for our consideration. If the facts stated in the return show the circuit court had jurisdiction of the class of cases in which it was proceeding and had not exceeded that jurisdiction, even though

it might have committed some reversible error, then prohibition should not be awarded.

It is a fundamental principle that this writ is not allowed to usurp the functions of an appeal, writ of error or certiorari. [State ex rel. v. Lewis, 76 Mo. 376; State ex rel. v. Thayer, 80 Mo. 436.]

The motion for judgment upon the return must be held to admit all the facts properly pleaded. [State ex rel. v. Elkin, 130 Mo. 103.]

The return states the following facts:

At the June term, 1894, of the circuit court of the city of St. Louis, Elizabeth J. Burnside, one of the defendants in this proceeding, obtained a decree of divorce from her then husband, James Burnside, with an allowance of alimony, consisting of furniture, and the occupancy of a house and fifty dollars per month for the support of herself and four minor children.

By her motion, the same having been duly served on said James Burnside, she asked that security be required or the alimony be made a lien on his real estate in conformity with sections 4505 and 4506, Revised Statutes 1889, then in force. Thereupon the said James Burnside appeared and elected to give security and the court so ordered, and said James Burnside in obedience to said order, made, executed and delivered his certain bond in the penal sum of six thousand dollars with Thomas Wand, the plaintiff herein, as his surety, for the payment of which they bound themselves, their heirs, executors and administrators, jointly and severally, upon the condition however "that if the said James Burnside should well and truly pay unto the said Elizabeth J. Burnside, the said monthly allowance of fifty dollars a month mentioned in said order of allowance of March 29, 1895, in accordance with the terms and provisions of the said decree of June 5, 1894, then said bond should be null and void, otherwise to remain in full force and effect."

Thereafter said James Burnside made default in the payment of said alimony and execution was issued against him which was returned *nulla bona.* Thereupon Elizabeth J. Burnside brought suit against Thomas Wand, the plaintiff herein, for breaches of said bond, aggregating $365, returnable to the October term, 1897, of the circuit court of the city of St. Louis. At the trial the counsel of Thomas Wand, the plaintiff herein, conceded the breaches, but contested the legality of the bond, and judgment was awarded for the penalty of the bond, $6,000, and for $365, the admitted breaches and interest, aggregating $384.50, and for costs.

The clerk's minutes on the file papers show: "1898, April 20, $6,000 penalty of bond, damages $384.50." In spreading this judgment upon his record the clerk by misprision, added the words "to be satisfied upon the payment of the sum of three hundred and eighty-four and 50-100 dollars damages." Nine days later and on April 29, 1898, Judge Chester H. Krum, who was counsel for Mr. Wand, the plaintiff herein, not having noticed the handing down of the judgment, asked to have it set aside, and it was so ordered and re-entered as of April 29, 1898, as follows: "On motion of plaintiff by attorney it is ordered by the court that the judgment entered herein on the twentieth day of April, 1898, be and the same is hereby set aside and re-entered as of this date," then followed the judgment in the same form as already noted with the recital that "the sum of six thousand dollars, the penalty of the bond, should be satisfied upon the payment of the sum of $384.50 with costs and charges in this behalf expended."

The object of Judge Krum in having this judgment set aside was to enable him to file his motion for new trial and take his appeal, which he did at once, for Mr. Wand, and gave an appeal bond in the penal sum of $780 and recited a judgment for $384.50. Mr. Thomas J. Rowe was surety on this appeal bond for Mr. Wand. The judgment was affirmed by

the St. Louis Court of Appeals in 77 Mo. App. 382. On December 29, 1898, Mr. Thomas J. Rowe, the surety for Mr. Wand on his appeal bond to the Court of Appeals, brought the attorney for Mrs. Burnside $425.45 in currency, paid it to him, and remarked, "This clears me," and requested Mr. Gilliam to satisfy the judgment. On January 3, 1899, Mr. Gilliam as attorney for Mrs. Burnside, acknowledged satisfaction of the judgment but never intended to release anything but the $384.50 judgment recited in the bond on which Mr. Rowe was surety. On January 7, 1899, Burnside continuing to default in payment of the alimony, Mr. Gilliam began a new suit for Mrs. Burnside against Mr. Wand for defaults in alimony at $50 per month from October 1, 1897, to January 1, 1899, in all $800, with interest thereon from the date each installment was due. At the February term, 1899, Mr. Wand answered and pleaded the judgment of April 29, 1897, and the satisfaction thereof as already related as a bar. Thereupon Mrs. Burnside, on motion duly served on Mr. Wand, prayed the St. Louis Court of Appeals to correct the said judgment of the circuit court of April 29, 1897, but that court referred Mrs. Burnside to the circuit court for relief. And at the February term, 1897, Mrs. Burnside, after giving notice to Mr. Wand of her intention so to do, filed her motion and petition in the circuit court of the city of St. Louis to correct by a *nunc pro tunc* order the entry of judgment of April 29, 1897, so that the same should express the amount of damages awarded with provision for execution therefor, and that the judgment for the penalty of the bond for $6,000 should stand as security for further breaches of said bond, in conformity with chapter 22, article 1, Revised Statutes 1889, and particularly sections 869 and 871 of said article.

On March 22, 1899, the motion for a *nunc pro tunc* entry came on for hearing, was submitted to the court, and the entry of the judgment of April 29, 1897, was ordered corrected *nunc pro tunc* so that it should not express the debt

on the bond sued on is to be satisfied upon the payment of the damages assessed (to-wit, $384.50) but that the judgment rendered for the penalty of the bond sued on shall remain as a security for any damages that may hereafter be sustained by the further breach of said bond, and said judgment was ordered entered as of April 29, 1897.

Wand appealed from said judgment but gave no bond and no supersedeas was applied for or granted pending his appeal. The St. Louis Court of Appeals affirmed the judgment, but upon the application of Wand the cause was transferred to this court, and is now pending in Division Two of this court and set for hearing in January, 1902.

After obtaining the correction of her judgment of April 29, 1897, Mrs. Burnside dismissed her said second action, and sued out a *scire facias* against Mr. Wand requiring him to show cause why she should not have execution for the installments of alimony accruing subsequent to those on which she had obtained her judgment on the bond of $6,000. To obviate the taking of depositions, Mr. Rowe, counsel for Wand, and Mr. Wand himself signed a stipulation, that $384.50 and interest therein at six per cent was all the money ever paid on Mrs. Burnside's judgment against Wand, and no other money was paid thereon. And afterwards upon due notice to Wand, Mrs. Burnside filed her motion to set aside the satisfaction of her judgment for $6,000 and to enter satisfaction only of the judgment for damages to the amount of $384.50 and the interest thereon up to January 3, 1899, and upon a hearing said motion was sustained and the entry of satisfaction corrected as prayed. From this judgment correcting the entry of satisfaction no appeal has been taken and no bill of exceptions filed.

At the June term, 1901, the petition for *scire facias* was heard and judgment rendered that execution issue for the said installments and interest due and unpaid, to-wit, fifty dollars a month from October 1, 1897, to and including May 1, 1899,

amounting in the aggregate to one thousand dollars, with interest on each $50 from the day it becomes due at six per cent per annum.

On June 14, 1901, Mr. Wand filed his motion for a new trial, which was overruled and he tendered his bill of exceptions which was allowed, signed and filed, and thereupon he applied for a writ of prohibition to this court.

I.   No brief has been filed by counsel for the plaintiff, but from the averments of his petition for the writ of prohibition and the oral argument of his counsel, it is evident that he relies for his assertion that the circuit court of the city of St. Louis had no jurisdiction to award execution for the unpaid installments of alimony, upon the fact that the judgment of April 29, 1897, for the penalty of the bond, to-wit, $6,000, was entirely and irrevocably satisfied by the entry of satisfaction on the margin of that judgment and by the payment of the damages assessed in the action of Mrs. Burnside against him for the breaches of said bond that had occurred up to that time, and that the circuit court in which that judgment was rendered had no jurisdiction to correct the form of its judgment by an entry *nunc pro tunc* and upon due notice to him, and likewise had no jurisdiction to set aside and correct the entry of satisfaction so as to make it conform to the truth, that is to say, cause it to show a satisfaction only of the judgment for damages recovered by said judgment and not a satisfaction of the judgment for the remainder of the penalty. But this is a misapprehension of the law.   As said by SHER-WOOD, J., in his dissenting opinion in Jones v. Hart, 60 Mo. loc. cit. 358, "the inherent power of a court of record to correct the mistakes of its clerk, by amending the record in accordance with the facts patent of record, has never been called in question.   It is a doctrine of universal recognition.

"In Short v. Coffin, Extr., 5 Burr, 2730, it was held by Lord Mansfield, that a judgment against an executor *de bonis propriis* should be so amended as to become one *de bonis tes-*

*tatoris* and this, even after error brought and error assigned, and *in nullo est erratum* joined."

Afterwards, in Railroad v. Mockbee, 63 Mo. 348, the jurisdiction to correct its judgment by the circuit court was sustained under these circumstances. Commissioners had been appointed to assess damages to the owners of lands through which a railroad was projected. They had made their report and Mockbee, the landowner, filed his exceptions thereto within the time allowed by law. and the court heard the same and overruled them, and gave judgment for the railroad company. The entry upon the Judge's docket was, "Objections overruled . and judgment for defendant." The law required in such a case that the judgment should be one vesting title in the company to the right of way, but the clerk in writing up the judgment, by misprision, made it read: "That plaintiff (Mockbee) take nothing by his action and that defendant recover its costs." This occurred at the July term, 1871. On January 5, 1874, the company having discovered this mistake, filed its petition to have the proper judgment entered *nunc pro tunc* and at the May term, 1874, the circuit court granted the prayer of the petition and corrected the judgment by conforming it to the statutory requirement, and this court on a writ of error sued out by Mockbee, held the circuit court had the right and properly corrected its judgment, saying the judgment entered by the clerk was not the judgment required and authorized by law, and the record entries and files were ample to justify it in so doing.

In Jones v. Hart, supra, it was pointed out by Judge SHERWOOD, that, in various cases to which he called attention in his opinion, when a specific judgment was the necessary consequence of a finding by the court or the verdict, and the clerk had erroneously entered a different one, the courts do not hesitate to amend their judgments. Neither does it make any difference that the term has passed in such cases.

Now in this case the petitioner shows by his petition, and

it also appears by the return of Judge Ryan, that the original action by Mrs. Burnside against petitioner was on a penal bond in which the penalty was six thousand dollars, conditioned that Burnside should pay his divorced wife fifty dollars a month for the support of herself and children; that Burnside had defaulted and the judgment of April 29, 1897, obtained for the penalty of the bond, six thousand dollars, and her damages assessed at $384.50 for the breaches assigned.

Now by sections 869 and 870 and 871, Revised Statutes 1889, the law prescribed exactly what the form of the judgment should be in such case.

Section 869 provided: "In every such action, if the plaintiff recover, the verdict assessing the damages shall be entered on the record, and judgment shall be rendered for the penalty of the bond, or for the penal sum forfeited, as in other actions, together with the costs of suit, and with a further judgment that the plaintiff have execution for the damages so assessed, which damages shall be specified in the judgment."

Section 871: "The judgment rendered for the penalty of the bond sued on, or for the penal sum forfeited, *shall remain as a security* for any damages that may be thereafter sustained by the further breach of any condition of such bond, or the non-performance of any other covenant or written agreement by the defendant, the performance of which was secured by such penal sum."

But the clerk by his misprision in the judgment of April 29, 1897, erroneously added after the words "plaintiff recover of the defendant the sum of six thousand dollars, the penalty of the bond sued on," the unauthorized words "to be satisfied upon the payment of the sum of three hundred and eighty-four and 50-100 dollars together with costs and charges."

So much of this entry, therefore, as authorized a satisfaction of the judgment for the penalty of the bond by the payment of these damages, amounting to only $384.50, was directly in the teeth of the statute then and now in force and

no sort of doubt can exist that when Mrs. Burnside discovered this mistake of the clerk, which she did before the rights of any innocent third party were affected, she had a right to pray to have that entry corrected, and the circuit court in which the judgment was rendered had jurisdiction to cause it to be corrected *nunc pro tunc,* especially as it appears he proceeded always upon due notice to Mr. Wand, and that court was likewise possessed of full jurisdiction to cause a correction *nunc pro tunc* of the entry of satisfaction, and if it erred in some matter on the hearing, that error in either case can be cured on his appeal which is now pending in Division Two of this court. But we are dealing now with a question of jurisdiction and the case made by petitioner discloses no want of power in the court over this class of cases. [Exchange Bank v. Allen, 68 Mo. 474; Jones v. Ins. Co., 55 Mo. 342; DeKalb County v. Hixon, 44 Mo. 342; Gamble v. Daugherty, 71 Mo. 599.]

II. As already said, petitioner has filed no brief, and it may be he relies upon the fact that pending his appeal from the judgment granting a *nunc pro tunc* correction of the record the *scire facias* was sued out, but it is sufficient to say that, as he filed no bond, and neither asked nor obtained a supersedeas, the further steps taken to procure execution on the proceeding by *scire facias* were obviously within the jurisdiction of the circuit court and its further action in the premises should not be prohibited. The provisional rule is therefore discharged and the writ denied. All concur.