## BURNSIDE, Respondent, v. WAND, Appellant.

**St. Louis Court of Appeals, December 13, 1904.**

1. **JURISDICTION: Bond to Secure Alimony.** Where a judgment was rendered against the sureties on a bond, given by order of the court to secure the payment of alimony in monthly installments, for the full amount of the bond, with a provision that execution should issue for the damages found for the breach of the bond, and where the amount of damages found was paid and satisfaction of the judgment entered; in a subsequent proceeding for a *nunc pro tunc* order to set aside the satisfaction of the judgment, the jurisdiction is determined by the amount representing the difference between the penalty of the bond and the amount of damages.

2. ——: ——. And hence, since this difference was within the jurisdiction of the Supreme Court, it does not follow from the fact that the Supreme Court assumed jurisdiction of the *nunc pro tunc* proceeding on appeal, that the judgment affected by the order was for the full penalty of the bond.

3. **BOND FOR ALIMONY: Penalty: Damage for Breach.** A bond given by order of court to secure the payment of alimony in monthly installments is not a penal bond, and the statutes providing that judgments for the penalty, in penal bonds, shall stand as security for future breaches to be ascertained upon *scire facias*, do not apply.

4. **JUDGMENT: Collateral Attack: Judgment Roll.** In applying the maxim that a final judgment, rendered by a court having jurisdiction over the subject-matter and of the parties, imports absolute verity and is not open to inquiry in a collateral proceeding, it is often necessary to resort to the pleadings to clearly interpret what is spread upon the record as the judgment of the court.

5. **JUDGMENT: Bond for Alimony: Damages.** In an action on a bond given by order of court to secure the payment of alimony in monthly installments, where the petition prayed judgment for the full amount of the bond and for an execution for the amount of installments due, a judgment that plaintiff recover the full penalty of the bond sued on and that execution issue for the amount of the monthly installments found to be due, was in effect a judgment for the said amount found to be due.

6. ———: ———: ———: **Surplusage.** A clause in the judgment providing that plaintiff recover the full amount of the penalty of the bond sued on was ineffectual for any purpose and should be rejected as surplusage.

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale,* Judge.

AFFIRMED.

*T. J. Rowe* and *Henry W. Bond* for appellant.

The bond sued on in this case was not a penal bond within the meaning of sections 404-407 inclusive, Revised Statutes 1899. Nor was it a bond with a collateral condition for the faithful performance of a covenant other than the payment of money as described in section 468 *et seq.* Revised Statutes 1899. Hence, if the bond in suit ever imported any obligation at all, it did so merely as a common-law bond, and is consequently unaffected by any of the attributes or incidents of statutory bonds. Burnside v. Wand, 170 Mo. 531, 71 S. W. 337.

*John A. Gilliam* and *Luther Ely Smith* for respondent.

The prayer for judgment, or form of the judgment for penalty of the bond, did not in any way affect or bar plaintiff's rights to recover for subsequent installments which were not due at that time. Resor v. Resor, 9 Ind. 347; Ashby v. Winston, 26 Mo. 210; State v. Adler, 97 Mo. 419; Ross v. Purse, 17 Colo. 24; Colson v. Smith, 9 Ind. 8.

BLAND, P. J.—On June 6, 1894, plaintiff here, as plaintiff in a suit for divorce against James Burnside, who was then her husband, obtained a decree of divorce and a judgment for alimony and maintenance of herself and minor children, whose custody was awarded to her, which, in part, provided that James Burnside should pay her fifty dollars on the first day of each month. On March 29, 1895, upon a proper showing on motion of plaintiff, Burnside was ordered to give bond with good and sufficient security in the sum of $6,000, conditioned for the payment of the monthly allowance of alimony at fifty dollars per month to plaintiff. On April 8, 1895, James Burnside, as principal, and the defendant, Thomas, Wand, as surety, executed their bond which contained the following recital, and was duly approved by the court:

"Now, therefore, be it known, that we the undersigned, James Burnside, as principal, and Thomas Wand, as surety, are held and firmly bound unto the said Elizabeth J. Burnside in the sum of six thousand dollars for the payment of which well and truly to be made, we do bind ourselves, our heirs, executors and administrators, jointly and severally, firmly by these presents. The condition of this bond is such, however, that if the said James Burnside, shall well and truly pay unto the said Elizabeth J. Burnside, the said monthly allowance of $50 a month to plaintiff mentioned in the said order of March 29, 1895, in accordance with the terms and provisions of the above-recited

decree of June 5, 1894, then this bond to be null and void, otherwise to remain in full force and effect."

This suit is on the bond and the breaches alleged are as follows, to-wit: "In failure to pay fifty dollars ($50) alimony due to plaintiff on October 1, 1897, with interest thereon at six per cent per annum from that date," and like allegations of successive monthly breaches from October 1, 1897, up to and including February 1, 1903, aggregating in principal and interest, about $3,770, alleged to have been demanded of defendant on February 1, 1903. The petition alleged that on January 9, 1903, an execution was ordered by the divorce court against James Burnside, for the alimony and interest thereon then due, which execution had been returned not satisfied. Upon return of this execution, the court, at the instance of plaintiff, made an order permitting her to sue on the bond. Judgment was prayed for $3,250 and legal interest on the several unpaid monthly installments of alimony.

The answer was a general denial and a plea that the bond sued on was paid and fully satisfied before the institution of this suit. The issues were submitted to the court, without the intervention of a jury, on an agreed statement of facts, from which it appears that plaintiff obtained the decree of divorce and the allowance of alimony as alleged in her petition, and to secure the payment of said alimony, the bond sued upon was executed and approved, as alleged. "That Burnside, after the making of that bond, paid alimony at $50 for eight months of 1895, thereafter succeeding; twelve months of 1896; and $50 for January, 1897; and $35 alimony for February, 1897; in all $1,085; and that he has never paid any alimony since then; and it is admitted that he is still alive, and plaintiff and all her children are alive; and that there has been no modification of the decree for alimony since the giving of said bond."

The plaintiff herein, in a former suit on the bond, obtained the following judgment (omitting caption):

"Now at this day, this cause coming on for hearing, come the parties hereto, by their respective attorneys, and submit said cause to the court upon the pleadings and evidence adduced; and the court having heard and duly considered the same, and being fully advised of and concerning the premises, doth find that the plaintiff is entitled to recover of the defendant the sum of six thousand ($6,000) dollars; the penalty of the bond sued on, with a further judgment of three hundred and eighty-four and fifty-one-hundredths ($384.50) dollars damages.

"It is therefore considered and adjudged by the court that the plaintiff recover of the defendant the sum of six thousand ($6,000) dollars, the penalty of the bond sued on, to be satisfied upon the payment of the sum of three hundred and eighty-four and fifty one-hundredths ($384.50) dollars damages, together with her costs and charges in this behalf expended, and that execution issue therefor."

The defendant, on April 29, 1898, paid into court $425.45 in full satisfaction of this judgment, and on the same day at the same time, plaintiff's attorney, in open court, indorsed on the margin of the record of said judgment, over his signature, an acknowledgment of satisfaction in full of said judgment.

"It is admitted that thereafter plaintiff took other steps which resulted in decisions, Wand v. Ryan, 166 Mo. 646-656, 65 S. W. 1025; and Burnside v. Wand, 170 Mo. 531-597, 71 S. W. 337.

"It is agreed that defendant Wand has never paid anything except the $425.45 above mentioned.

"It is agreed that if plaintiff is entitled to recover for alimony she claims, beginning October 1, 1897, to and including February 1, 1903, that it amounts, in principal, to $3,250; and that if she is held to be enti-

tled to interest, it amounts on October 20, 1903, to $660.40, in addition to the principal."

It was admitted that on January 9, 1903, plaintiff obtained an order of the divorce court permitting her to sue on the bond and that an execution was issued against James Burnside for $3,250, accumulated installments of alimony, and returned *nulla bona;* that before the suit was brought demand was made on defendant for $3,250 and interest to February 2, 1903. It was also agreed that if plaintiff was entitled to recover on the bond, she was entitled to fifty dollars per month beginnning October 1, 1897, up to and including February 1, 1903, and that if she was entitled to interest, the judgment should be for $3,910.40. 'The court gave plaintiff judgment for $3,910.40, from which defendant duly appealed. On January 3, 1899, on motion of plaintiff, the satisfaction in full of her judgment of April 29, 1897, was set aside and satisfaction of the judgment for damages only for $384.50 was acknowledged.

The Supreme Court in Burnside v. Wand, 170 Mo. 531, 71 S. W. 337, which was an appeal from an order of the circuit court correcting the judgment in Burnside v. Burnside, of March 29, 1895, *nunc pro tunc,* held that the circuit court erred in entering the *nunc pro tunc* order and likewise in setting aside the satisfaction of that judgment, and reversed the judgment. The case (Burnside v. Wand) was appealed to this court and by it transferred to the Supreme Court on the ground that the amount involved exceeded the amount ($4,500) over which this court has jurisdiction.

The Supreme Court also held that the bond herein sued on was not a penal bond but a bond for the payment of money in installments, and that the statutes, in respect to judgments for the penalty to stand as security for future breaches, in penal bonds, have no application to bonds for the payment of alimony and do not authorize a judgment for the penalty to stand

as security for future breaches to be ascertained upon a *scire facias*. The language of the judgment in Burnside v. Burnside is "that the plaintiff recover of the defendant the sum of $6,000, the penalty of the bond sued on, to be satisfied upon the payment of the sum of $384.50 damages." There is no recital in the judgment that the $6,000, called the penalty of the bond, shall stand as surety for future installments of alimony to be ascertained upon *scire facias,* but the judgment provides that it shall be satisfied upon the payment of the sum of $384.50. That sum with accumulated interest was paid and the judgment was satisfied. Was the defendant's liability upon the bond also satisfied and extinguished by the payment and satisfaction of the $384.50, is the question presented by this record for decision.

From the fact that the Supreme Court took cognizance of the case, appellant's counsel draws the inference that both this court and the Supreme Court have decided that the judgment in the case of Burnside v. Burnside was for $6,000, and if so, then the bond sued on was merged in the judgment. The appeal, as above stated, was from a *nunc pro tunc* order correcting the judgment in the case of Burnside v. Burnside so as to make the $6,000 stand as security for future monthly installments of alimony. As the judgment was entered, the $6,000 was not security for any of the monthly installments of alimony to accrue in the future, and the judgment could be and was satisfied by the payment of $384.50 and interest; for this reason it was error to set aside its satisfaction. If the plaintiff had succeeded in having her motion sustained and the judgment corrected so as to make the $6,000 stand as security for future installments of alimony until the amount had equalled $5,615.50, then the judgment for $6,000 would have been effectual. Therefore, $5,615.50 was the amount involved in the controversy on the motion to

correct the judgment *nunc pro tunc,* an amount in excess of the sum over which this court had jurisdiction; and hence it does not follow that either this court or the Supreme Court held that the judgment in Burnside v. Burnside was for $6,000. This view of the matter is supported by the case of School District v. Boyle, 81 S. W. 409, which originated and was tried in the Howell circuit court. The suit was on a bond in the penal sum of $5,000 given by Boyle et al. for the faithful performance of Boyle's contract to erect a schoolhouse for the district. The actual damages were laid at $2,286.52. Judgment was prayed for the penalty of the bond and for the actual damages as laid in the petition. The trial resulted in verdict and judgment for defendants. The school district appealed to the Supreme Court and, on June 10, 1904, the Supreme Court filed an opinion in which it held that the cause was properly appealable to this court and transferred it to this court. It is true the amount involved is not alluded to in the opinion, but it could not have escaped the attention of the court that the penalty of the bond was $5,000, and that judgment was prayed for the penalty, therefore, the case is, inferentially, authority for holding that it is not the penalty for the bond that fixes the amount of recovery, but the actual damages sustained by reason of the breach.

In respect to the bond being merged in the judgment, MARSHALL, J., in Burnside v. Wand, 170 Mo. l. c. 596, 71 S. W. 337, said: "There is no more reason for treating bonds payable in installments as merged in the judgment when suit is brought and judgment entered for one installment, than there is to treat leases as merged in the judgment rendered for a month's rent." Still, appellant insists that the judgment was for the full amount of the bond and not merely for installments of alimony due, and for this reason the bond was merged in the judgment. It is a maxim of the law that a final judgment rendered by a court having

jurisdiction over the subject-matter and of the parties is an absolute verity, that is, it is not open to inquiry in any collateral proceeding, and the issues determined in the controversy and the pronouncement of the court upon those issues are conclusive as between the parties to the suit. A judgment, like any other written instrument, when offered as a piece of evidence in a case, must be interpreted by the court and its meaning and legal effect ascertained. This can not be done in every case by a mere inspection of the record entry of the judgment. It is often necessary to resort to the pleadings to correctly interpret what is spread upon the court's record as the judgment of the court. The pleadings in the former suit of Burnside v. Wand show, and the petition on which the judgment was rendered sets forth, the granting of the divorce, the decree allowing alimony of fifty dollars per month, the execution of the bond for the payment of the alimony, the default in payment of several installments and concludes with the following prayer: "Wherefore, plaintiff prays judgment against defendant, Thomas Wand, for six thousand dollars, the penalty of said bond, and that execution issue for the sum of three hundred and sixty-five dollars, with interest, as damages aforesaid, and for costs."

The answer was a general denial. The relief granted was as prayed for in the petition. The execution of the bond itself was not put in issue by the general denial. The only issue then before the court was whether or not there had been defaults in the payment of the monthly alimony, and the only effectual judgment that was rendered was for the recovery of $384.50, and it seems to us that the clause giving judgment for $6,000, "the penalty of the bond sued on," being ineffectual for any purpose, should be treated as a matter of form or be rejected as mere surplusage, and the judgment should be construed as a money judgment for $384.50, and no more, as this was the real amount plain-

tiff sought to recover and the actual amount she did recover. In a number of cases it has been held that even in an action upon a penal bond, where the judgment is for the penalty, the actual damages assessed is the sum recovered by the judgment (Meyer v. Arnold, 43 N. J. Law 144) ; and the word "recover" means what the plaintiff actually obtains by his suit. Johnson v. Harris, 15 C. B. 356; Bradford v. Curlee, 41 Miss. 1. c. 560; Howard v. Farley, 18 Abb. Prac. 1. c. 261. The actual recovery in the former suit of Burnside v. Wand was for $384.50. This amount appellant has paid but no more, and the remainder of his obligation is still in full force, hence his plea of payment is not sustained by the evidence, and the judgment is affirmed.    All concur.