## THE STATE ex rel. BARTON H. BOYER et al. v. PETER H. HUCK, Judge.

**In Banc, July 2, 1914.**

1. **PROHIBITION: Practice.** The general rule of practice is that the right to the writ of prohibition is ordinarily to be determined upon a demurrer to the petition, or upon a motion to quash the preliminary rule, or upon a demurrer to the return, or upon a motion for the writ, which motion would seem to be practically equivalent.to a motion for judgment upon the return.

2. ————: ————: **Imperfect Pleadings.** Where the only pleadings in the prohibition case are the petition for the writ, the return to the preliminary writ, and the reply to said return, and each material averment in the return is denied in the reply, and there is no stipulation as to the facts or any agreed statements of the facts, and no testimony taken by a .commissioner, and no motion for judgment upon the return, and the respondent circuit judge in his return indicates his perfect willingness to follow the decision in a kindred pending case, the writ will be discharged.

### Prohibition.

PRELIMINARY RULE DISCHARGED.

*Benjamin H. Marbury* for relators.

*Edward A. Rozier* and *Jerry B. Burks* for respondent.

FARIS, J.—This is an original proceeding brought by relators, who are respectively the mayor and the members of the city council of the town of Farmington, against respondent, who is judge of the 27th Judicial Circuit, and therefore *ex-officio* judge of the circuit court of St. Francois county, to prohibit respondent from exercising jurisdiction in a certain action brought by Wm. McMahon and two others against relators, wherein it is sought to prevent relators from holding a local option election in the town

of .Farmington under the provisions of section 7239, applying to cities having a population of 2500 inhabitants or more. We issued herein, on the 24th day of December, 1913, our preliminary rule upon respondent to show cause why such rule should not be made absolute.

Respondent filed his return in which he admitted his official capacity and that he made the order in prohibition set out in the original petition here of relators. No further pertinent admissions were made. No demurrer by respondent to relators' petition was interposed; respondent expressly. waiving a demurrer, though inferentially suggesting that such would lie. The return denied the lack of jurisdiction, or that the respondent was. proceeding in excess of his jurisdiction, but averred the fact to be that he had jurisdiction.

Thereupon relators filed their reply to the return of respondent in which they specifically deny all of the allegations made in the return, except such admission as may be contained in the excerpt below set out from relator's reply. Following this, and preceding new matters of additional averment, there is a clause of general denial. These admissions and this general denial are thus set out in the reply:

"Your relators admit that the respondent herein, when passing upon the cause below, stated orally from the bench that he entertained grave doubts whether the said constitutional amendment was self-enforcing, and if not, whether proper enabling statutes had been adopted by the General Assembly of Missouri sufficient to carry the referendum provided by said constitutional amendment into effect; and admit that on December 15, 1913, relators herein (and respondents below) filed their demurrer to the petition of plaintiff, and the circuit court of St. Francois county at its regular November term, 1913, and on December 19, 1913, made an order, duly entered of record, continuing the

cause of the State ex rel. McMahon et. al. v. Barton H. Boyer, Mayor of the city of Farmington, et al., and all of the other causes pending, to the regular February term, 1914, and said circuit court on said December 19, 1913, adjourned to court in course; but that these orders were made and entered of record after the said circuit court had, on Monday, December 1, 1913, issued its writ wherein your relators (and respondents below) had been restrained and prohibited from having absolutely any further proceeding in the matter of considering the local option petition, or from calling an election as in said petition requested, or from further proceeding in said action; and after said writ had been, by J. C. Williams, sheriff within and for St. Francois county, duly and legally served upon relators and after said sheriff had made his proper official return to said writ.

"Your relators further replying deny each and every allegation, averment and statement not herein before specifically denied or admitted."

There are no further pleadings in the case; nor was any testimony taken in the case, nor are there any admissions or stipulations to be found in the files, or in the briefs except the admission in the excerpt below, which we set out from the brief filed on behalf of Judge Huck, the respondent, to-wit:

"We, therefore, very respectfully ask your Honors to dismiss the rule to show cause in this case, assuring the court that when this matter comes on for further hearing at the May term, 1914, of the circuit court of St. Francois county, Missouri, Judge Huck will be governed by the decision of your Honors in the Kemper case and will treat your finding of fact with reference to the filing of the necessary referendum petition as a judicial determination thereof and make such order in the premises as that decision requires."

I.  We meet *in limine* a serious question touching whether there is any issue before us on which to rule. We suggest this for four reasons:  (a) the condition of the pleadings; (b) the fact that such issues even, as we might be able to excavate from between the lines of the petition for the writ, from the return to the writ and from the reply to the return, have been settled in the case of State ex rel. v. Carter, 257 Mo. 52; (c) whether the entirely frank attitude and admissions of respondent's counsel as we set them out from their brief have not broadly speaking converted this into a moot case, and (d) the failure of relators to comply with our rules which require the filing of printed abstracts of the record.

There are but three pleadings in the case, viz., the petition for our writ; the return to our preliminary writ, and the reply to the said return.  There is no demurrer to the petition by the respondent, nor any demurrer to the return by relators, nor any motion for judgment upon the return.  [Wand v. Ryan, 166 Mo. 646; State ex rel. v. Elkin, 130 Mo. 90.]  There are no stipulations as to the facts, or any admitted facts, or agreed statement of facts, or any testimony taken by a commissioner and officially returned to us as the facts, as has been done in this court in this same sort of case (State ex rel. v. Carter, 257 Mo. 52); neither is there any other method followed by which lawsuits are gotten to an issue and that issue submitted to the court for judgment.  In short, the case comes to us with all of the facts which control the result, sharply disputed, with no evidence to solve that dispute, and with no legal controversy whatever put to an issue by the pleadings.  [State ex rel. v. Elkin, supra.]

The general rule of practice is, that the right to the writ of prohibition is ordinarily to be determined by the court upon a demurrer to the petition, or upon a motion to quash the preliminary rule, or upon a demurrer to the return (Ex parte Due, 116 Ala. 491;

Siebe v. Superior Court, 114 Cal. 551; State v. Mc-Martin, 42 Minn. 30; State ex rel. v. Lubke, 29 Mo. App. 555; Vitt v. Owens, 42 Mo. 512; State ex rel. v. Braun, 31 Wis. 600), or upon a motion for the writ (In re Cooper, 143 U. S. 472; In re New York Steamship Co., 155 U. S. 523), which motion would seem to be practically equivalent to a motion for judgment upon the return. [State ex rel. v. Elkin, 130 Mo. 90; Wand v. Ryan, 166 Mo. 646.] We concede that there are seemingly cases wherein the question of the right to the writ was determined from the return, but such were considered and adjudged *ex gratia* (State ex rel. v. Shelton, 238 Mo. l. c. 286), and none of them was a case where, as here, each and every one of the controlling facts averred in the return was denied in the reply.

In a case lately before us involving a less flagrant condition of bad pleading and practice, we took occasion to say:

"There is no reason why, when we have regard to the fact that the number of original writs we issue and consider is increasing by leaps and bounds, we should step aside from the well-known beaten paths of practice to make, in a prohibition case, an unnecessary exception to the general rule, which exception so far from expediting business, will but impede, delay and hinder. If we spend weeks trying to pick out the issues from a commingled mass of void and formless matter which has gathered volume as it rolled up to us, we are thereby delaying others, who by diligence have earned a speedy hearing." [State ex rel. v. McQuillin, 256 Mo. 693, l. c. 709.]

The point seemingly raised by this proceeding was a live one and an important one at the time we issued our preliminary rule in this case. But that point has been resolved and settled against the contention of the learned respondent (State ex rel. Kemper v. Carter, supra), and in view of the fact that respondent so

frankly expresses his attitude of compliance, as shown by the excerpt which we quote from his brief, we are permitted to fully apply here, without regret, the rule which we felt compelled to apply partially in the case of State ex rel. v. McQuillin, supra, that other litigants might not suffer and the business of the court be thereby expedited.

It follows that the preliminary rule issued by us herein should be discharged. All concur.